■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HECTOR TORRES, Respondent.—Order of the Supreme Court, New York County (Frederic Berman, J.), entered September 9, 1987, which granted in part defendant's motion to suppress certain statements, unanimously reversed, on the law, and the motion denied.

On September 5, 1986, at approximately 11:00 P.M., based on a radio report that a robbery was in progress at 710 West 175th Street in the Borough of Manhattan, Luis Delorbe and defendant were apprehended and brought to the precinct house for questioning. Defendant was advised of his *Miranda (Miranda v Arizona,* 384 US 436) rights and voluntarily signed a waiver of those rights. During a lengthy interrogation conducted without the presence of counsel, defendant admitted that he collected money for Delorbe and that he and Delorbe had participated in several robberies and homicides. Defendant further admitted that he and Delorbe were hired by drug dealers to collect money or hurt people. In the course of the interrogation, the police received information that defendant had recently been arrested in New Jersey. Supreme Court held that, based upon the Court of Appeals ruling in *People v Bartolomeo* (53 NY2d 225), the police were required to make inquiry to determine if defendant was represented by counsel on the New Jersey charges and therefore granted the motion to suppress as to statements made subsequent to the receipt of information pertaining to those charges.

On this appeal, the People contend that, because defendant was unrepresented on the New York robbery charge, no right to counsel attached, and the motion to suppress his inculpatory statement should have been denied. The recent holding of the Court of Appeals in *People v Bing* (76 NY2d 331), which was decided on facts remarkably similar to those at bar, is entirely dispositive of this issue. In that case, police investigating a robbery in Nassau County received a tip from a known informant that the crime had been committed by the defendant, Bing. The informant said that Bing was from Ohio where he was wanted by the police. A detective subsequently learned that there was an outstanding warrant for the defendant's arrest in Mansfield, Ohio. At the time Bing was picked up on the Ohio warrant, he made an inculpatory statement with regard to the robbery in Nassau County, having voluntarily signed a waiver of his *Miranda* rights. Police officers never inquired of Bing or of the Mansfield, Ohio, authorities if the defendant was represented by counsel in the Ohio proceedings.

In sustaining the denial of Bing's motion to suppress his inculpatory statements, the Court of Appeals expressly overruled *People v Bartolomeo (supra)* as unworkable and reaffirmed the validity of its earlier decision in *People v Rogers* (48 NY2d 167). Therefore, the operative criterion is whether or not the right to counsel has been invoked with reference to

the charges upon which a defendant is held in custody. Because defendant herein did not invoke his right to counsel with respect to the New York robbery charge, no attorney had "entered the proceeding" *(People v Rogers, supra,* at 169), and the police were not barred from conducting an interrogation *(People v Bing, supra).* Concur—Kupferman, J. P., Milonas, Asch, Wallach and Rubin, JJ. *[See,* 137 Misc 2d 29.]