■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v L. C. COVINGTON, Appellant. [606 NYS2d 51] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered February 19, 1992, convicting him of burglary in the second degree, petit larceny, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On April 20, 1991, at approximately 6:15 P.M., the police responded to a radio call of a burglary in progress at 24-11 Mott Avenue, Far Rockaway, Queens. As the officers pulled up in their marked patrol car, the defendant was walking out the front door of a two-family residential home and down the steps carrying a box of floor tiles. When the defendant noticed the patrol car, he dropped the box into a supermarket shopping cart located at the bottom of the steps and fled. The officers chased the defendant, but they lost him. The defendant was apprehended two days later. Upon further investigation at the scene, the officers discovered that the house, which was undergoing repair work and contained boxes of the same floor tiles, had been broken into.

Contrary to the defendant's contention, we find that the hearing court properly denied suppression of the floor tiles. The police had reasonable suspicion to believe criminality was at hand *(see, People v De Bour,* 40 NY2d 210; *People v Rosario,* 94 AD2d 329, 332). The defendant's conduct was not in response to illegal police conduct. The defendant's conduct of dropping the box of floor tiles in the shopping cart and then fleeing constituted abandonment *(see, People v Scott,* 82 NY2d 729; *People v Boodle,* 47 NY2d 398; *People v Eldridge,* 178 AD2d 609).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Balletta, O'Brien and Santucci, JJ., concur.