■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES WINDBUSH, Appellant. [609 NYS2d 53] —Appeal by the defendant from (1) a judgment of the County Court, Suffolk County (Weissman, J.), rendered November 18, 1992, convicting him of bail jumping in the second degree under Indictment No. 695/92, upon his plea of guilty, and imposing sentence, and (2) a judgment of the same court, also rendered November 18, 1992, convicting him of burglary in the second degree under Indictment No. 1803/90, upon a jury verdict, and imposing sentence. The appeal under Indictment No. 695/92 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement officials.

Ordered that the judgments are affirmed.

The defendant was arrested on a bench warrant regarding a prior pending unrelated charge of unauthorized use of a motor vehicle upon which the defendant was represented by counsel. After the defendant was read his Miranda rights, he waived his rights and made statements regarding the instant charge of burglary in the second degree. The defendant was not questioned about the prior pending unrelated charge. Accordingly, the defendant effectively waived his Miranda rights, and the hearing court properly denied suppression of the defendant's statements (see, People v Cawley, 76 NY2d 331; People v Scott, 197 AD2d 646; People v Torres, 165 AD2d 771).

Viewing the evidence in the light most favorable to the prosecution and giving it the benefit of every reasonable inference to be drawn therefrom *(see, People v Way,* 59 NY2d 361; *People v Montanez,* 41 NY2d 53, 57), we conclude that the defendant's guilt was established by evidence that (1) the burglarized house appeared to have been broken into, (2) the defendant stipulated that the fingerprints found inside the house on a kitchen cabinet were his fingerprints, (3) the defendant was not authorized to enter the house, and (4) numerous items of property were missing from the house *(see, People v Thomas,* 128 AD2d 743).

Further, viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to establish that the house was a "dwelling", which is defined as "a building which is usually occupied by a person lodging therein at night" (Penal Law § 140.00 [3]; *People v Contes,* 60 NY2d 620; *People v Covington,* 199 AD2d 528).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Ritter, Pizzuto and Altman, JJ., concur.