■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MERVYN A. DECAN, Appellant. [615 NYS2d 997] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered April 8, 1992, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of stolen property in the fifth degree, unlawful imprisonment in the first degree and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is now settled law that a defendant's representation by counsel on a prior, pending charge is not a bar to the waiver of his rights, in the absence of counsel, with regard to new,

unrelated charges (see, *People v Bing*, 76 NY2d 331; *People v Weeks*, 176 AD2d 836). Here, although the defendant was represented by counsel for a crime that occurred 10 days prior to his arrest in the instant matter, the crimes were unrelated and the defendant, after being fully advised of his *Miranda* rights, knowingly and intelligently waived them. Accordingly, the defendant was not denied his constitutional right to counsel.

In addition, the issue of legal sufficiency of the evidence was not preserved for appellate review (see, CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the People (see, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Lawrence, Pizzuto and Friedmann, JJ., concur.