■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REYNOLD LOVELL, Appellant. [699 NYS2d 734] —Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered April 28, 1997, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Silverman, J.), of those branches of the defendant's omnibus motion which were to suppress statements made by him to law enforcement authorities and identification evidence.

Ordered that the judgment is affirmed.

After being returned from North Carolina on a bench warrant relating to a 1994 assault charge, the defendant was questioned about his knowledge of a 1990 homicide. Before that questioning, the defendant was advised of, and waived, his *Miranda* rights (*see, Miranda v Arizona,* 384 US 436). Thereafter, he made inculpatory statements that were admitted into evidence at trial, along with identification testimony that was obtained as a result of the admissions. The defendant was acquitted of homicide charges, but was convicted of criminal possession of a weapon in the second degree.

Contrary to the defendant's contentions, the Supreme Court correctly denied those branches of his motion which were to suppress statements he made to law enforcement authorities and the identification evidence. The defendant was represented by counsel on the assault charge and therefore could not be questioned as to it (*see, People v Rogers,* 48 NY2d 167; *People v Hobson,* 39 NY2d 479) because he was detained on that charge and not on the homicide charges. Nevertheless, he was able to, and did, effectively waive his right to counsel with regard to the instant charges as to which he was not represented (*see, People v Steward,* 88 NY2d 496; *People v Cawley,* 76 NY2d 331; *People v Windbush,* 202 AD2d 527). Since the inculpatory statement and the identification testimony were not obtained in violation of the defendant's right to counsel, they were properly admitted into evidence at trial. Bracken, J. P., S. Miller, Altman and Luciano, JJ., concur.