■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER HIGGINS, Appellant. [725 NYS2d 661] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Perone, J.), rendered May 3, 1999, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant's contention that the hearing court should have suppressed his statements because the police questioned him on this case although he was represented by counsel on an unrelated pending case from which he had been released from custody is without merit. The defendant was interrogated about the charges in the instant case, which was unrelated to the pending case for which he had representation, but was no longer in custody. Therefore, the defendant was competent to waive the right to counsel, in the absence of counsel, as to matters regarding this case (*see, People v Steward,* 88 NY2d 496, 502; *People v Lovell,* 267 AD2d 476; *People v Decan,* 206 AD2d 489). Accordingly, the defendant was not denied his constitutional right to counsel. Krausman, J. P., H. Miller, Schmidt and Crane, JJ., concur.