■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIVIAN DAVIS, Appellant. [599 NYS2d 559] —Judgment, Supreme Court, New York County (Joan Carey, J.), rendered January 29, 1991, convicting defendant after jury trial of criminal possession of stolen property in the third degree, and sentencing her to a conditional discharge, unanimously affirmed.

Defendant and her co-worker worked in the New York City Comptroller's office. Four bearer bonds, already matured, were misdirected to defendant's office. The co-worker, upon opening the bonds, showed them to defendant, and gave her two. Defendant brought the two bonds and the accompanying letter home to Brooklyn. Defendant contends that she did not know that her possession was wrongful until she arrived home. On that basis, she challenges the jurisdiction of New York County, and contends that it was reversible error for the court to fail to submit the question of venue to the jury. However, CPL 20.40 (1) (a) requires only that conduct sufficient to establish an element of the crime occur in the county in which the matter is tried. Defendant, by admitting that she took possession of the property in New York County, established this element of the offense, and provided the necessary nexus with New York County. Since defendant admitted the facts upon which venue was based there was no factual controversy concerning geographic jurisdiction sufficient to require the court to submit the question to the jury. *(See, People v Moore,* 46 NY2d 1, 7.)

Defendant's contention that the cover letter, which was written from the original owner of the bonds to the City of New York in order to secure payment for the bonds, was improperly admitted as hearsay, is unpreserved. In any event, the claim is meritless. The People's theory of the case, which was never controverted by defendant, was that the City of New York was the owner of the bonds. Pursuant to Penal Law § 155.00 (5), the City of New York was the owner of the matured bonds as against defendant as it had a superior right of possession. Thus, the letter was not introduced for the truth

of its contents, i.e., to establish that the bonds were stolen from the signatory on the letter. The letter itself was stolen property and was properly admitted into evidence on that basis. Further, the existence of the letter bore directly on the issue of defendant's knowing possession of stolen property.

We have reviewed defendant's remaining contentions and find them to be either unpreserved or without merit. Concur—Wallach, J. P., Kupferman, Ross and Kassal, JJ.