■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY WOODSIDE, Appellant. [614 NYS2d 114] —Judgment, Supreme Court, New York County (Clifford A. Scott, J.), rendered January 9, 1991, convicting defendant, after a jury trial,

of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and criminally using drug paraphernalia in the second degree, and sentencing him to concurrent terms of 8⅓ to 25 years, 5 to 15 years, and 1 year, respectively, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence, on the first count, and imposing a concurrent indeterminate term of imprisonment of 5 to 15 years on that count, and otherwise affirmed.

After sufficient inquiry, the trial court properly accepted the People's representation that their standard summary form, claimed by defendant to be *Rosario* material, actually contained no witness statements, but only a digest of preexisting witness statements *(see, People v Poole,* 48 NY2d 144, 149). We also find no violation of the People's duty to disclose "exculpatory" material, because there was no reasonable possibility that non-disclosure contributed to the verdict *(People v Vilardi,* 76 NY2d 67, 77).

Were we to review defendant's unpreserved claim concerning a missing witness instruction, we would find that the request for such an instruction (made by codefendant only) was untimely *(People v Gonzalez,* 68 NY2d 424, 427-428).

We also note that each of the above claims was unsuccessfully raised on appeal to this Court by codefendant Ernest Robinson, whose conviction we reversed on the grounds that codefendant's opening statement was improperly cut short, with inappropriate comments by the court (202 AD2d 225). Our reversal of codefendant's conviction does not require reversal of this defendant's conviction, because this defendant's opening was uninterrupted, and he made no objection regarding codefendant's opening.

We find the sentence to be unduly harsh, to the extent indicated. Concur—Rosenberger, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.