■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JULIO LABOY, Appellant. [618 NYS2d 86] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered November 26, 1990, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree (three counts), and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of criminal possession of a controlled substance in the third degree imposed under the second count of the indictment, vacating the sentence imposed thereon, and dismissing the second count of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

However, the defendant is correct in his assertion that the second count in the indictment, criminal possession of a controlled substance in the third degree, must be dismissed. The convictions for criminal possession of a controlled substance in the first degree under the first count of the indictment (see, Penal Law § 220.21 [1]; possession of more than four ounces) and criminal possession of a controlled substance in the third degree under the second count of the indictment (Penal Law § 220.16 [12]; possession of more than half an ounce) were based upon the same cocaine. Thus, that count of criminal possession of a controlled substance in the third degree was an inclusory concurrent offense which, under the circumstances, should be dismissed (see, CPL 300.40 [3] [b]). However, the remaining two counts of criminal possession of a controlled substance in the third degree (see, Penal Law § 220.16 [1]) were not lesser-included offenses of criminal possession of a controlled substance in the first degree, since those counts included an "intent to sell" requirement, but had no weight requirement (see, People v Lee, 196 AD2d 509).

The defendant's contention that the trial court erred by refusing to give a missing witness charge with respect to two police officers is unpreserved for appellate review, as the defendant cannot rely on the request of a codefendant (see, People v Buckley, 75 NY2d 843; People v Woodside, 204 AD2d

168). In any event, the trial court properly denied the request on the ground that the testimony would have been cumulative *(see, People v Brown,* 204 AD2d 654; *People v Tate,* 199 AD2d 291).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). O'Brien, J. P., Pizzuto, Altman and Hart, JJ., concur.