THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SIMMONS, Appellant. [622 NYS2d 752] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered July 30, 1991, convicting him of criminal possession of a controlled substance in the first degree (five counts), criminal possession of a controlled sub-

stance in the second degree (two counts), criminal possession of a controlled substance in the third degree (seven counts), criminal possession of a controlled substance in the seventh degree (three counts), criminal possession of a weapon in the fourth degree (six counts), criminally using drug paraphernalia in the second degree, unlawful possession of marihuana (two counts), and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On April 25, 1990, at approximately 8:00 P.M. the defendant; his wife, Nadine Simmons; and Michael Alexander were arrested by police officers who executed a search warrant for a second floor apartment at 579 Wyona Street in Brooklyn where they found a narcotics factory. The police seized over six pounds of cocaine, six weapons, hundreds of rounds of ammunition, more than $55,000 in cash, a large quantity of jewelry, and assorted drug paraphernalia, including scales and heat-sealing machines. A police officer saw the defendant throw four plastic bags containing what appeared to be crack cocaine from the apartment's rear bedroom window and another police officer removed a loaded handgun from a pocket of the defendant's pants.

Contrary to the defendant's contention, the trial court properly permitted the People to amend the indictment to reflect that the conspiracy commenced in October of 1987, rather than on April 25, 1990, which was the date the search warrant for the defendant's apartment at 579 Wyona Street was executed (see, People v Simmons, 212 AD2d 643 [decided herewith]).

The Supreme Court properly denied the defendant's *Darden* motion since the confidential informant was registered as a confidential informant, was assigned a specific registry number, and was produced three months earlier before a Magistrate other than the Magistrate in this case, who issued a search warrant (see, People v Darden, 34 NY2d 177, 182; People v Adrion, 82 NY2d 628, 633, 635). We find the production of the informant to a fellow Magistrate sufficiently persuasive of the informant's identity so as not to require a *Darden* hearing to confirm the existence of the informant.

We find the defendant's remaining contentions to be without merit. Mangano, P. J., Sullivan, Balletta and Miller, JJ., concur.