■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NADINE SIMMONS, Appellant. [622 NYS2d 751] —Appeal by the

defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered July 30, 1991, convicting her of criminal possession of a controlled substance in the first degree (five counts), criminal possession of a controlled substance in the second degree (two counts), criminal possession of a controlled substance in the third degree (seven counts), criminal possession of a controlled substance in the seventh degree (three counts), criminal possession of a weapon in the fourth degree (five counts), criminally using drug paraphernalia in the second degree, unlawful possession of marihuana, and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On April 25, 1990, at approximately 8:00 P.M. the defendant; her husband, Anthony Simmons; and Michael Alexander were arrested by police officers who executed a search warrant for a second-floor apartment at 579 Wyona Street in Brooklyn where they found a narcotics factory. The police seized over six pounds of cocaine, six weapons, hundreds of rounds of ammunition, more than $55,000 in cash, a large quantity of jewelry, and assorted drug paraphernalia, including scales and heat-sealing machines. The police found the defendant in the rear bedroom standing near a gun in plain view and found a substantial quantity of narcotics in the room.

Contrary to the defendant's contention, the trial court properly permitted the People to amend the indictment to reflect that the conspiracy commenced in October of 1987 rather than on April 25, 1990, the date the search warrant for the defendant's apartment at 579 Wyona Street was executed. The amendment of the date on which the conspiracy began was proper since it did not change the theory of the prosecution or otherwise prejudice the defendant on the merits. The overt acts, which spanned a period from October of 1987 to March 1990 and upon which the People based their case, were set forth in the original indictment, affording the defendant fair notice of the drug transactions which the People would attempt to prove (see, CPL 200.70 [1]; People v Hood, 194 AD2d 556).

Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Furthermore, the sentence imposed was not excessive in

light of the evidence adduced at trial *(see, People v Suitte,* 90 AD2d 80).

We find the defendant's remaining contentions to be without merit. Bracken, J. P., Miller, Ritter and Goldstein, JJ., concur.