■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, JOHN WILSON, Appellant. [542 NYS2d 512] —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered May 26, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of $4^{1}/_{2}$ to 9 years, and order of the same court and Justice entered September 13, 1995, denying defendant's motion pursuant to CPL 440.10 to vacate the judgment, unanimously affirmed.

The court's *Sandoval* ruling reflected an appropriate compromise and did not constitute an improvident exercise of discretion.

Defendant was not deprived of a fair trial by delayed delivery of allegedly exculpatory material, as defendant had meaningful opportunity to use the material as evidence in the case (*see, People v Cortijo*, 70 NY2d 868). His claim that he was prejudiced by the timing of the disclosure rests entirely on speculation.

Following a hearing regarding defendant's claim of a *Rosario* violation, the hearing court properly determined, based upon the testimony of the parole officer that she did not receive information from any prosecution witness who testified at trial, that the documents did not constitute *Rosario* material (*People v Woodside*, 204 AD2d 168, *lv denied* 84 NY2d 873). Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.