■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE CRAWFORD, Appellant. [659 NYS2d 477] —Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered September 14, 1995, convicting him of incest, use of a child in a sexual performance, and endangering the welfare of a child, under Indictment No. 2952/ 94, upon a jury verdict, and sentencing him to concurrent terms of two to five years imprisonment for incest, seven and one-half to fifteen years imprisonment for use of a child in a sexual performance, and one year imprisonment for endangering the welfare of a child, and (2) an amended judgment of the same court, also rendered September 14, 1995, revoking a sentence of probation previously imposed by the same court under Indictment No. 5941/89, upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of one to three years imprisonment upon his previous conviction of attempted sexual abuse in the first degree, with that sentence to run consecutively to the sentence imposed under Indictment No. 2952/94.

Ordered that the judgment rendered under Indictment No. 2952/94 is modified, on the law, by reducing the term of imprisonment imposed on the conviction of incest from two to five years imprisonment to two to four years imprisonment; as so modified, the judgment rendered under Indictment No. 2952/94 is affirmed; and it is further,

Ordered that the amended judgment rendered under Indictment No. 5941/89 is affirmed.

Viewing the evidence adduced at the trial under Indictment No. 2952/94 in the light most favorable to the prosecution (*see*, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]).

The defendant contends that the photographs depicting the victim with the defendant in lewd situations were improperly admitted into evidence, since the search warrant did not specifically list the photographs of that particular victim as items for which a search could be conducted. The court properly admitted the photographs under the plain view exception to the warrant requirement which permits seizure of an item not specifically referred to in the search warrant if the of-

ficer was lawfully in a position to observe the item, the observation was inadvertent rather than anticipated, and the incriminating character of the items was immediately apparent (see, Coolidge v New Hampshire, 403 US 443, 465-471; see also, People v Basilicato, 64 NY2d 103, 115; People v Spinelli, 35 NY2d 77, 80-81).

In the present case, the police were lawfully searching for photographs when they opened the dresser drawer in the defendant's bedroom and came across the obviously lewd photographs of the defendant with his 13-year-old daughter. Moreover, in its ruling on the admissibility of the photographs, the court specifically noted that the photographs clearly depicted a minor female. Undoubtedly, the incriminating character of the photographs was also immediately apparent to the police. Under the circumstances, the police were justified in seizing the photographs, and the court did not improvidently exercise its discretion in admitting the evidence.

The defendant's claims with respect to alleged prosecutorial misconduct are either unpreserved for appellate review or do not require reversal.

It was improper for the court to impose a maximum term of imprisonment of five years for incest under the law as it existed at the time the defendant was sentenced, and we have modified the sentence accordingly (see, Penal Law § 70.06 [3] [e]; § 255.25).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Copertino, Krausman and Florio, JJ., concur.