■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. O'CONNOR, Appellant. [660 NYS2d 140] —Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered September 12, 1996, convicting him of grand larceny in the third degree (two counts) and scheme to defraud in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Where, as here, time is not a substantive element of the crime charged (*see,* Penal Law §§ 190.60, 190.65), the indictment is legally sufficient if the time span alleged therein is not so lengthy that it prevents the preparation of an adequate defense, and not so excessive as to be unreasonable under the circumstances (*see, People v Watt,* 84 NY2d 948, 951). While the defendant here last obtained money from the complainants on September 26, 1993, his crime did not necessarily end on that date. The record reveals that he continued after that date to engage in a systematic course of conduct with the intent to defraud the complainants or obtain property from them by

false pretenses, representations, and promises. Under these circumstances, the one-year period alleged in the indictment was not so excessive that it prevented the defendant from answering the charges and preparing an adequate defense (*see, People v Gargano,* 222 AD2d 694, 695).

Similarly without merit is the defendant's contention that the trial court erred in allowing the People to amend the third count of the indictment, charging scheme to defraud in the first degree, during trial. Pursuant to CPL 200.70 (1), an indictment can be amended during trial "with respect to * * * variances from the proof relating to matters of form, time, place, names of persons and the like, when such an amendment does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed such indictment, or otherwise tend to prejudice the defendant on the merits". Inasmuch as time is not a material element of the crime of scheme to defraud in the first degree, the two months which were added to the time span alleged in the indictment so as to reflect the evidence presented at trial, related solely to the form of the indictment, and not to the substance of the allegations before the Grand Jury. Such a minor amendment did not constitute a material variance from the theory of the indictment (*see, People v Cunningham,* 48 NY2d 938, 940; *People v Simmons,* 212 AD2d 643, 644).

We have considered the defendant's remaining contentions and find them to be without merit. O'Brien, J. P., Ritter, Goldstein and Luciano, JJ., concur.