■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR DEVILLAR, Appellant. [695 NYS2d 294] —Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered November 26, 1990, convicting him of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence, and (2) from a purported judgment of the same court, rendered August 7, 1996, convicting him of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the appeal from the purported judgment is dismissed; and it is further,

Ordered that the judgment is affirmed.

The appeal from the purported judgment must be dismissed, as the purported judgment is nothing more than a proceeding to cause the judgment rendered November 26, 1990, to be brought to execution (*see, People v Crawford,* 239 AD2d 515).

The defendant's claim that the court erred in refusing to give a missing witness charge with regard to two police officers who were in the same observation van as one of the police officers who testified at trial is unpreserved for appellate review as the defendant cannot rely on the request of a codefendant (*see, People v Laboy,* 208 AD2d 954, 955; *People v Buckley,* 75 NY2d 843; *People v Woodside,* 204 AD2d 168, 169). In any event, this Court previously determined, upon the appeal of another codefendant, that the request was properly denied on the ground that the testimony would have been cumulative (*see, People v Laboy, supra,* at 956).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., Krausman, Florio and Feuerstein, JJ., concur.