■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUNIOR REYES, Appellant. [696 NYS2d 462] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Kramer, J.), rendered November 26, 1990, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third

degree (three counts), and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence, and (2) a purported judgment of the same court, rendered October 23, 1995, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree (three counts), and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the appeal from the purported judgment is dismissed; and it is further,

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reversing the defendant's convictions of criminal possession of a controlled substance in the third degree under the second, third, and fourth counts of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The appeal from the purported judgment must be dismissed, as the purported judgment is nothing more than a proceeding to cause the judgment rendered November 26, 1990, to be brought to execution (*see, People v Crawford,* 239 AD2d 515).

As this Court has previously determined upon the appeal of a codefendant, the defendant's conviction under count two of the indictment must be reversed and that count dismissed (*see, People v Laboy,* 208 AD2d 954, 955). Count two of the indictment charged the defendant with criminal possession of a controlled substance in the third degree based on his possession of more than one-half ounce of a substance containing cocaine (*see,* Penal Law § 220.16 [12]). That count was an inclusory concurrent offense of count one of the indictment, charging him with criminal possession of a controlled substance in the first degree based on his possession of more than four ounces of a substance containing cocaine (*see,* Penal Law § 220.21 [1]), since both counts were based upon the same substance.

Based upon our review of the verdict sheet, we further find that the defendant's convictions under counts three and four of the indictment must be reversed and those counts dismissed in the exercise of our interest of justice jurisdiction. As submitted to the jury, the verdict sheet as to count one of the indictment reads, "[i]f you find the defendant guilty of Count 1, proceed to Count 5". In light of these instructions, we find it appropriate to reverse the defendant's convictions under those counts of the indictment which the jury had been directed not to consider.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., Krausman, Florio and Feuerstein, JJ., concur.