■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SANCHEZ, Also Known as FAUSTO SANCHEZ, Appellant. [716 NYS2d 916] —Appeal by the defendant from a purported amended judgment of the Supreme Court, Queens County (Rotker, J.), rendered May 9, 1995.

Ordered that the appeal is dismissed.

The appeal from the purported amended judgment must be dismissed, as the purported amended judgment is merely an execution of the sentence imposed June 3, 1994 (see, People v DeVillar, 264 AD2d 528).

The defendant also attempts to raise arguments concerning an amended judgment of the same court on Indictment No. 11856/93, also rendered May 9, 1995. However, the arguments cannot be considered because no appeal was taken therefrom. Mangano, P. J., S. Miller, McGinity, Luciano and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SIMMONS, Appellant. [717 NYS2d 899] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated February 14, 1995 (People v Simmons, 212 AD2d 642), affirming a judgment of the Supreme Court, Kings County, rendered July 30, 1991.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (see, Jones v Barnes, 463 US 745). Mangano, P. J., Bracken, Sullivan and S. Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE SINGLETARY, Appellant. [716 NYS2d 917] —Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Dowling, J.), imposed July 15, 1999.

Ordered that the sentence is affirmed.

The defendant's purported waiver of his right to appeal the issue of the alleged excessiveness of his sentence was ineffective (see, People v Rose [Simon], 236 AD2d 637; People v Rolon, 220 AD2d 543). We have considered the defendant's contention that the sentence is excessive and find it to be without merit (see, People v Allen, 269 AD2d 534; People v Kazepis, 101 AD2d 816). Mangano, P. J., O'Brien, Thompson, Krausman and Feuerstein, JJ., concur.