■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BIENVENIDO LANFRANCO, Appellant. [717 NYS2d 140] —Judgment, Supreme Court, Bronx County (Michael Gross, J.), rendered December 10, 1998, convicting defendant, after a jury trial, of insurance fraud in the second degree and attempted grand larceny in the second degree, and sentencing him to concurrent terms of 4¹/₃ to 13 years and 2¹/₃ to 7 years, respectively, unanimously affirmed.

Venue was properly placed in Bronx County. Defendant fraudulently sought insurance recovery for the loss by fire of a store, located in Bronx County, as well as its contents, including merchandise. Therefore, the merchandise constituted "goods * * * for which payment or reimbursement [was] sought" within the meaning of CPL 20.40 (4) (k) (ii). Moreover, venue was also proper under CPL 20.40 (1) (b), since defendant engaged in conduct in Bronx County, commencing, at the latest, at the time of his contact with the insurance adjuster, that constituted an attempt to commit insurance fraud and larceny (see, People v Mahboubian, 74 NY2d 174, 188-193). The court was not required to submit the issue of venue to the jury since defendant admitted facts upon which venue was lawfully based (see, People v Davis, 194 AD2d 473, lv denied 82 NY2d 716). In any event, were we to find the failure to submit the venue issue to the jury to be error, we would find the error to be harmless. We have considered and rejected defendant's remaining arguments on the subject of venue.

Based upon our review of the trial record, we conclude that defendant received meaningful representation (see, People v Benevento, 91 NY2d 708, 713-714). Defendant was not deprived of a fair trial by his counsel's failure to oppose the People's application to amend the indictment as to date of occurrence, or to argue that the People had improperly proceeded on new theories of liability at trial. There was nothing prejudicial about the amendment, and the theories advanced by the People at trial were completely consistent with the indictment and the bill of particulars. Concur—Sullivan, P. J., Rosenberger, Nardelli, Tom and Lerner, JJ.