**Bienvenido LANFRANCO,**
**Petitioner–Appellee,**

v.

**Timothy MURRAY, Superintendent,**
**Groveland Correctional Facility,**
**Respondent–Appellant.**

**Docket No. 02–2305.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 9, 2002.

Decided Dec. 6, 2002.

J. Jeffrey Weisenfeld, New York, N.Y., for Petitioner–Appellee.

Kristin L. Vassallo, Assistant District Attorney, (Robert T. Johnson, District Attorney, Bronx County, Joseph Ferdenzi, Stanley R. Kaplan, Assistant District Attorneys, on the brief), Bronx, N.Y., for Respondent–Appellant.

Before: WALKER, Chief Judge, NEWMAN and F.I. PARKER, Circuit Judges.

JOHN M. WALKER, JR., Chief Judge.

Respondent-appellant Timothy Murray, Superintendent of the Groveland Correctional Facility, appeals from an order entered on May 16, 2002 in the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *District Judge*) granting petitioner-appellee Bienvenido LanFranco's petition for a writ of habeas corpus. After exhausting his claims in the New York courts, LanFranco sought a writ of habeas corpus in the district court. He claimed that his counsel was ineffective in failing to object to an amendment of the indictment at trial and to the prosecution's arguments that allegedly varied from the indictment's theory of criminality. The district court concluded that the performance of LanFranco's counsel was both deficient and prejudicial, thus violating LanFranco's Sixth Amendment right to effective assistance of counsel, and that the state courts unreasonably applied clearly established federal law in rejecting LanFranco's claims.

We REVERSE and REMAND with instructions to dismiss the petition.

## BACKGROUND

### A. The Indictment and Trial

On December 10, 1998, LanFranco, the owner of a supermarket that burned down as a result of suspected arson, was convicted in New York state court, after a jury trial, of insurance fraud and attempted grand larceny for attempting to collect on an insurance policy for damage caused by the fire.

The grand jury had indicted LanFranco on four counts: 1) arson; 2) insurance fraud; 3) attempted grand larceny; and 4)

reckless endangerment. The indictment stated that the date of the insurance fraud and attempted grand larceny was October 15, 1994, the date of the alleged arson. LanFranco requested a bill of particulars "set[ting] forth with specificity each and every act attributed to the defendant regarding each offense charged." The bill provided by the District Attorney first outlined the theory of arson, and then stated:

Upon further investigation, the defendant's store was suffering financial difficulties.... The defendant also had the store insured with a policy ... [and] proceeded to file an insurance claim for the insurance company to pay on the policy.

At trial, the prosecution argued that LanFranco committed insurance fraud by falsely stating on his proof of loss claim that he did not know the origin of the fire, a statement that the prosecutor contended was knowingly false because LanFranco himself had committed the arson. The prosecution also argued that LanFranco's proof of loss statement contained other materially false representations: 1) that he was the sole owner of the property; and 2) that he had sole ownership interest in the contents of the supermarket. The prosecutor asserted that these additional misrepresentations constituted separate instances of insurance fraud that were not dependent on LanFranco's having committed the arson. Evidence introduced at trial showed that LanFranco in fact leased the building from a real estate company and that two creditors had secured interests in the store's contents. At no time did LanFranco's counsel object to these additional fraud theories.

After the defense rested, the state moved to amend the dates specified in the indictment on Counts Two (insurance fraud) and Three (attempted grand larceny) from the date of the fire, October 15,

1994, to the date LanFranco filed the proof of loss statement in support of his insurance claim, December 15, 1994. The state argued that the amendment would not be prejudicial because the date was not a substantive element of the crime, the defendant had received adequate notice, and the amendment did not change the theory of the prosecution. Defense counsel requested a one-week adjournment to determine whether he should review the Grand Jury minutes or re-open the defense case in light of the state's motion. Defense counsel stated that he had been aware of the erroneous date on Counts Two and Three, but had kept silent because he had planned to move to dismiss the indictment for insufficiency at the close of the state's case. He explained that he did not make the motion at that point, because the court brought the issue of the erroneous date to the state's attention and inquired whether the state would seek to amend. The court granted the prosecution's motion to amend the indictment and denied the defendant's request for an adjournment. With respect to reexamining the Grand Jury minutes, the state court held that they were "out of the case" because the pre-trial hearing court (with a different judge) had already ruled that the evidence presented to the Grand Jury was sufficient. The court granted leave to defense counsel to re-open the defense case, but defense counsel ultimately declined to do so.

The jury acquitted LanFranco on the arson and reckless endangerment charges, but found him guilty on the fraud and attempted grand larceny charges.

## B. State Procedural History

Following his conviction, LanFranco filed a motion in the trial court for post-conviction relief pursuant to N.Y.Crim. Proc. Law § 440.10, alleging ineffective assistance of counsel based on his lawyer's

failure to object to the prosecution's amendment of the indictment and to its alleged change in theories of guilt. The trial court denied the motion, finding that LanFranco had received meaningful representation, that the motion to amend was properly granted, and that there was no change in the prosecution's theory of fraud. The trial court held that "viewed in its totality, counsel provided ... meaningful representation" and "zealously represented [LanFranco], exhibiting complete familiarity with the facts of the case and the relevant principles of evidence, criminal law and procedure." In rejecting LanFranco's argument that counsel was ineffective for failing to object to the amendment of the indictment, the trial court concluded that the amendment was proper under the statute, reasoning that the date "did not constitute a material variance from the theory set forth in the indictment [because] time was not a material element of the crime." The trial court also found that the amendment changing the date was consistent with the Grand Jury evidence, which had established that the defendant had not filed an insurance claim until well after the fire. In addition, the trial court concluded that defense counsel had decided not to challenge the amendment for tactical reasons, including moving to dismiss the case for lack of venue, and thus his performance was not deficient.

LanFranco also claimed that his counsel was ineffective for failing to object to the prosecutor's non-arson-related theories of fraud on the basis that they varied from the arson-related theory charged in the indictment and the bill of particulars. The trial court rejected this claim, concluding that the indictment's broad allegations covered all of the prosecution's theories, that the prosecution's case for non-arson-related fraud "did not affirmatively ... disprove [the] specific facts set forth in the

indictment" and the bill of particulars and, thus, that there had been no variance. The trial court also concluded that neither the amended indictment nor the alternate theories of guilt prejudiced LanFranco because the indictment adequately notified him of the fraud charges and all of the documents relating to those charges had been furnished to him before trial, including the proof of loss statement containing the non-arson-related misrepresentations. Leave to appeal the trial court's decision was denied.

On LanFranco's direct appeal from his conviction, the Appellate Division also rejected the ineffectiveness claim, concluding that "[t]here was nothing prejudicial about the amendment, and the theories advanced by the People at trial were completely consistent with the indictment and the bill of particulars." *People v. LanFranco*, 278 A.D.2d 8, 717 N.Y.S.2d 140, 141 (App.Div. 2000). Leave to appeal to the New York Court of Appeals was denied on January 18, 2001. *People v. LanFranco*, 96 N.Y.2d 736, 722 N.Y.S.2d 802, 745 N.E.2d 1025 (2001).

## C. The District Court's Decision

LanFranco filed this timely habeas petition in the district court pursuant to 28 U.S.C. § 2254, and the district court granted the writ. The district court found that the amendment to the indictment changing the date of the fraud effected a change in the theory of prosecution, in violation of LanFranco's Fifth Amendment rights, and that his counsel's failure to object to the amendment deprived him of his right to effective assistance of counsel. According to the district court, the indictment and the bill of particulars referred only to the arson as a basis for all of the counts. Thus, the amendment constructively altered the central elements of the offense "to the point that there was a substantial

likelihood that the defendant may be convicted of an offense other than the one charged by the grand jury." However, the district court did not find that defense counsel was deficient in failing to object to the alternative, non-arson-related evidence because defense counsel "could reasonably believe that there was sufficient scope of relevance in this testimony to buttress the point of the arson."

The district court ruled that the change of theory effected by the amendment violated LanFranco's Fifth Amendment right to be tried only on charges in the indictment and contravened New York Crim. Proc. Law § 200.70(1), which permits amending indictments only if the amendment does not change the theory of the prosecution. Contrary to the trial court's determination, the district court found that there was no sound strategy that could explain defense counsel's failure to object to the prosecution's motion to amend. Finally, the district court found that there was a reasonable probability that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In light of these findings, the district court concluded that the state courts' failure to find ineffective assistance of counsel was an unreasonable application of clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1). The district court granted the writ, ordered the state to either retry LanFranco or release him within 120 days, and stayed the order pending the state's filing of a notice of appeal and a request for an expedited appeal. This appeal followed.

## DISCUSSION

### A. Habeas Standard of Review

■ We review the district court's grant or denial of habeas corpus *de novo.* *See*

*Sellan v. Kuhlman,* 261 F.3d 303, 308 (2d Cir.2001).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, a writ of habeas corpus may not be granted with respect to a state court decision that has "adjudicated [a petitioner's claims] on the merits" unless the state court's decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

The Supreme Court has stated that under AEDPA's "unreasonable application" clause, habeas relief is warranted only "if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor,* 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Thus, a "federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411, 120 S.Ct. 1495. Rather, the state court's application must also be "objectively unreasonable." *Id.* at 409, 120 S.Ct. 1495.

■ In reviewing habeas petitions, we must presume the state court's findings of fact are correct, unless the petitioner meets the "burden of rebutting th[is] presumption of correctness by clear and convincing evidence." 28 U.S.C. 2254(e)(1); *see Brown v. Artuz,* 283 F.3d 492, 498 (2d Cir.2002).

### B. The Ineffective Assistance Standard

Under AEDPA, a state habeas petitioner claiming ineffective assistance of counsel must show that the state court "applied

*Strickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone,* 535 U.S. 685, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002). *Strickland* requires a defendant claiming ineffective assistance to meet a two-part test. 466 U.S. at 687, 104 S.Ct. 2052. First, his attorney's performance must have fallen below an objective standard of reasonableness under prevailing professional norms. The bar for proving deficiency is high: The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.... Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 687, 689, 104 S.Ct. 2052.

Second, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. Counsel's performance can be prejudicial "even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." *Id.*

## C. Counsel's Performance

The state court found that as a general matter LanFranco's counsel "zealously represented" the defendant and exhibited complete familiarity with the case and with criminal procedure. We presume this finding of fact to be correct. 28 U.S.C. § 2254(e)(1). LanFranco claims nevertheless that his Sixth Amendment rights were violated when his counsel: 1) failed to

object to the state's motion to amend the indictment to reflect a later date for the insurance fraud; and 2) failed to object to the prosecution's change in theories of guilt, which amounted to a constructive amendment of the indictment. Both of LanFranco's claims allege that the prosecution changed its theories of guilt, whether by a variance between the original indictment and the amended indictment or by constructively amending the indictment with new arguments and evidence.

■■■ As an initial matter, we note that while the Fifth Amendment's grand jury indictment clause imposes certain constraints on prosecutions in federal courts,[1] the district court erred in applying the Fifth Amendment's right to a grand jury indictment in this case because this provision of the Bill of Rights has not been incorporated against the states through the Fourteenth Amendment. *Branzburg v. Hayes,* 408 U.S. 665, 688 n. 25, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972) (citing *Hurtado v. California,* 110 U.S. 516, 534–35, 4 S.Ct. 111, 28 L.Ed. 232 (1884)); *Fields v. Soloff,* 920 F.2d 1114, 1118 (2d Cir.1990).

■■ Nevertheless, the Sixth Amendment right to the effective assistance of counsel can be violated if counsel failed to raise a significant and obvious state law claim. *See Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.1994); *cf. Sellan,* 261 F.3d at 310 (reviewing a habeas claim that appellate counsel failed to raise a state law challenge to the trial court's jury charges). A state defendant facing felony charges has a right to indictment by a grand jury

---

**1.** The Fifth Amendment's indictment clause prohibits "constructive amendments" of an indictment when the government's evidence and the jury instructions "modify essential elements of the offense charged to the point that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged by the grand jury." *United States v. Clemente,* 22

F.3d 477, 482 (2d Cir.1994) (citations omitted). In determining whether an "essential element" of the offense has been modified, we have "consistently permitted significant flexibility in proof, provided that the defendant was given notice of the 'core of criminality' to be proven at trial." *United States v. Patino,* 962 F.2d 263, 266 (2d Cir.1992) (citations and internal quotation marks omitted).

under the New York State Constitution. N.Y. Const. art. I, § 6. The New York Court of Appeals has held that an unconstitutional variance in violation of the New York Constitution occurs when the state's proof at trial contradicts the allegations contained in the indictment and the bill of particulars. *See People v. Grega,* 72 N.Y.2d 489, 534 N.Y.S.2d 647, 531 N.E.2d 279, 283 (1988). Where "the indictment specifies a set of facts supporting a material element of the crime charged, the People at trial are [not] at liberty to present evidence that affirmatively disproves them [sic]." *Id.; see also People v. Powell,* 153 A.D.2d 54, 549 N.Y.S.2d 276, 278 (N.Y.App.Div.1989). However, when the indictment "contains a broad allegation," the prosecution may present alternative theories that fall within that allegation. *People v. Foley,* 210 A.D.2d 163, 620 N.Y.S.2d 956, 957 (N.Y.App.Div.1994).

Similar to the Fifth Amendment's rule against constructive amendments, New York's prohibition of variances strikes a fair balance between the interests of both the defendant and the state. A defendant is entitled to fair notice of the charges against him. If the indictment alleges specific facts and theories to support those charges, the defendant should not be placed in the precarious position of mounting a challenge to those facts, only to face contradictory facts when the state changes theories. Such a reversal by the prosecution may unfairly lead the accused to defend on too many fronts without adequate notice, to contradict himself, or to appear inconsistent. At the same time, the state should not be denied all flexibility to continue its investigation and develop further relevant proof after the indictment; nor should it be obligated to share with the defendant the fruits of its investigation beyond those facts necessary to support the charges and to provide fair notice.

■ Because the amended date changed no essential element of the crime and created no inconsistency with the theory of guilt, we reject LanFranco's argument that the amendment violated his rights under New York law. Under that law, the state is permitted to amend an indictment at any time before or during trial

> with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like, when such an amendment does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury ..., or otherwise tend to prejudice the defendant on the merits.

N.Y.Crim. Proc. Law § 200.70(1). In other words, an amendment is appropriate to correct errors, so long as it does not prejudice the defendant.

First, the prosecution's amendment of the date corrected an obvious error by the Grand Jury because the fraud could not have occurred on the date of the fire, the original date specified in the indictment. According to New York law, insurance fraud occurs only upon submission of a claim to an insurance company. *See* N.Y. Penal Law § 176.05(1) (defining a fraudulent insurance act as, *inter alia,* presentation of a written statement to an insurer as part of a claim for payment).

■ Second, the amendment of the date did not change the theory of the prosecution. LanFranco claims that the amended date constituted an impermissible variance in theory from the original indictment because the original date suggested a fraud based on arson, while the amended date extended beyond that theory to permit new allegations of false statements about ownership. The date, however, did not create a theory of guilt in this case because the date of the fraud was not an element of any of the crimes that had to be

proven by the prosecution. *See People v. O'Connor*, 240 A.D.2d 764, 660 N.Y.S.2d 140, 141 (N.Y.App.Div.1997) (holding that amendment adding two months to the crime alleged in the indictment was permissible because time is not a material element in the crime of fraud). Moreover, the date of the fraud had the same relevance to the arson-related theory of liability as to the non-arson-related theories of liability, and thus, the amendment did not effect a change in the prosecution's theory of guilt. The date in the original indictment at most only implied a link between the cause of the fire and the insurance fraud. Furthermore, as the state courts recognized, the date change was consistent with the evidence presented to the grand jury establishing that LanFranco had not filed an insurance claim until after the fire. Neither the indictment nor the bill of particulars explicitly stated that arson was its sole theory of insurance fraud, and the original date was so obviously wrong that the amendment could not have changed theories of guilt.

■■■ Nor did the amendment prejudice LanFranco by denying him fair notice of the charges. Regardless of the date provided in the original indictment, he was on notice that the fraud charges applied to the insurance claim he filed on December 15, and he was provided with a copy of that claim before trial. In sum, counsel's failure to object to the appropriate amendment was not deficient performance, and it did not prejudice LanFranco.

■■■ LanFranco also argues that the prosecution's evidence of non-arson-related

fraud was a change in theories of guilt that constructively amended the indictment, and that counsel should have objected or moved to preclude the new theories from the jury's consideration. Again, neither the indictment nor the bill of particulars explicitly stated that the state's theory of guilt was fraud based on arson, much less that it was the state's sole theory. Both documents broadly alleged the act of fraud, and neither document specified which statements constituted the fraud. In fact, one might even question whether these documents provided a theory of guilt at all, beyond the most basic categorical charges of the crime. While the indictment and the bill of particulars may have been too ambiguous to satisfy New York law,[2] LanFranco has not contended that counsel was ineffective in failing to object to their ambiguity, and thus this question is not before us.

The prosecution's evidence of non-arson-related fraud did not modify any essential elements of the crime and did not constructively amend the indictment. The prosecution is permitted significant flexibility in proof, where, as here, the defendant had "fair notice of the accusations against him." *Grega*, 534 N.Y.S.2d 647, 531 N.E.2d at 282 (quoting *People v. Iannone*, 45 N.Y.2d 589, 412 N.Y.S.2d 110, 384 N.E.2d 656, 660 (N.Y.1978)). As noted above, LanFranco had adequate notice that fraud charges could be based on his own misrepresentations in the insurance claim that he himself submitted and was provided with before trial.

The amended indictment and the prosecution's theories of fraud presented at trial

---

**2.** Under New York law, an indictment must provide a defendant with fair notice of the charges against him by setting forth "facts supporting every element of the offense charged ... with sufficient precision to clearly apprise the defendant ... of the conduct which is the subject of the accusation." *Gre-*

*ga*, 534 N.Y.S.2d 647, 531 N.E.2d at 283–84 (citing N.Y.Crim. Proc. Law § 200.50(7)(a)). Moreover, in the event the indictment fails to allege such facts, they must be provided in a bill of particulars, if requested, to avoid jurisdictional deficiency. *Id.* at 284.

did not contradict the indictment or the bill of particulars. In the absence of a variance or a constructive amendment of the indictment, counsel could not have been ineffective for failing to object to the amendment or to the evidence of non-arson-related fraudulent statements, or for failing to move to preclude the evidence from jury consideration. Thus, the district court erred in ruling that the state courts unreasonably applied *Strickland*.

## CONCLUSION

Accordingly, we REVERSE the judgment of the district court and REMAND with instructions to dismiss the petition.