**Dominick LAROCCO, Petitioner—Appellant,**

v.

**Daniel SENKOWSKI, Respondent—Appellee.**

Docket No. 02–2210.

United States Court of Appeals, Second Circuit.

April 1, 2003.

David E. Liebman, New York, NY, for Petitioner—Appellant.

Michael Tarbutton, Assistant District Attorney (Lisa Drury, John M. Castellano, Assistant District Attorneys, on the brief) for Richard A. Brown, District Attorney, Queens County, Kew Gardens, NY, for Respondent—Appellee.

Present: MCLAUGHLIN, KATZMANN, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 1st day of April, two thousand and three.

**ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Petitioner appeals from the judgment entered in the Eastern District of New York (Garaufis, *J.*) denying his petition for habeas corpus relief brought pursuant to

28 U.S.C. § 2254. The District Court denied Mr. Larocco's habeas petition, finding that his claim that his guilty plea was involuntary was procedurally defaulted.[1] We review *de novo* a district court's denial of a petition for habeas corpus. *See Lan-Franco v. Murray*, 313 F.3d 112, 117 (2d Cir.2002).

It is well settled that:

[a] federal court may not grant a writ of habeas corpus to a state prisoner "unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b) (1988). To fulfill the exhaustion requirement, a petitioner must have presented the substance of his federal claims "to the highest court of the pertinent state." ... [I]f the petitioner no longer has "remedies available" in the state courts under 28 U.S.C. § 2254(b), we deem the claims exhausted.

* * *

Federal courts may address the merits of a claim that was procedurally defaulted in state court only upon a showing of cause for the default and prejudice to the petitioner. Cause may be demonstrated with "a showing that the factual or legal basis for a claim was not reasonably available to counsel, ... or that 'some interference by state officials' made compliance impracticable, ... [or that] the procedural default is the result of ineffective assistance of counsel."

*Bossett v. Walker*, 41 F.3d 825, 828–29 (2d Cir.1994) (internal citations omitted), *cert. denied*, 514 U.S. 1054, 115 S.Ct. 1436, 131 L.Ed.2d 316 (1995). As the Supreme Court has recognized, however, the "exhaustion doctrine ... generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488–89, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

A federal court may review a procedurally defaulted claim absent cause and prejudice only if the petitioner demonstrates "that failure to consider the claims will result in a fundamental miscarriage of justice," *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (internal quotation omitted), meaning that "a constitutional violation has probably resulted in the conviction of one who is actually innocent," *Dixon v. Miller*, 293 F.3d 74, 81 (2d Cir.) (internal quotation omitted), *cert. denied*, —— U.S. ——, 123 S.Ct. 426, 154 L.Ed.2d 305 (2002). "To establish actual innocence, petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. [A]ctual innocence means factual innocence, not mere legal insufficiency." *Id.* (internal citations and quotation marks omitted).

 Petitioner concedes that the claim that his guilty plea was involuntary is procedurally barred, and argues instead that he has satisfied the cause and prejudice or miscarriage of justice exceptions to the procedural bar doctrine.[2] Petitioner

---

1. Although petitioner raised additional claims in his petition, the District Court denied them on the merits and did not grant a certificate of appealability pursuant to 28 U.S.C. § 2253 with respect to them. Thus, these additional claims are not before us on appeal.

2. Although petitioner admits that his voluntariness claim is procedurally defaulted, he continues to argue that he tried to raise his voluntariness challenge to his guilty plea in a *pro se* supplemental brief submitted to the Appellate Division on his direct appeal but that the Appellate Division refused to consider

continues to admit that he stabbed the deceased, but asserts that his coerced guilty plea prevented him from arguing to the jury that he acted in self-defense. Petitioner contends that a jury "might well have acquitted" him of the murder charges he faced had it heard his self-defense theory. Petitioner fails, however, to present evidence sufficient to establish that it is more likely than not that no reasonable juror would have convicted him upon hearing his claim of self-defense. Thus, we find that petitioner has not demonstrated that failure to review his claim would result in a fundamental miscarriage of justice.[3]

We further find that petitioner has failed to demonstrate cause for his failure to raise this claim in state court. Petitioner argues that his appellate counsel provided constitutionally ineffective assistance by failing to raise this claim on petitioner's direct appeal and that ineffective assistance of counsel can constitute cause to excuse procedural default. The claim of ineffective assistance of counsel, however, generally must be presented to the state courts as an independent claim before it may be used to establish cause for proce-

dural default. *Murray*, 477 U.S. at 488–89, 106 S.Ct. 2639. Although petitioner asserts without citation that he "raised the issue of incompetence of his appellate counsel" in "one of" his state collateral attacks on his conviction, a review of the record reveals that petitioner raised a claim of ineffective assistance of trial but not appellate counsel. Petitioner may not rely on an unexhausted claim of ineffective assistance of appellate counsel to establish cause for the procedural default of his voluntariness claim.

We have considered all of petitioner's arguments and find them to be without merit.

The judgment of the District Court is **AFFIRMED.**

---

this brief as untimely. As the government argues, while petitioner alleged in this brief that his plea was coerced, he expressly disavowed that he was seeking vacatur and remand based on the involuntariness of his plea. Assuming *arguendo* that petitioner's supplemental *pro se* brief had been filed in a timely fashion and considered by the Appellate Division on direct appeal, it did not ask the state court to decide whether petitioner's guilty plea was voluntary. Thus the voluntariness claim would still be unexhausted. Moreover, petitioner does not allege that he raised the voluntariness of his plea in his leave letter to the New York Court of Appeals, so the claim is unexhausted on this basis alone. *Cf. O'Sullivan v. Boerckel*, 526 U.S. 838, 847, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (announcing the rule that state prisoners must "file petitions for discretionary re-

view when that review is part of the ordinary appellate review procedure in the State").

3. To the extent petitioner argues that he is actually innocent because the alleged negligence of the surgeons who operated on the victim caused the victim's death, this argument is without merit. Attempted murder in the second degree does not require proof that the petitioner caused any person's death; rather, the government needed to prove that, with intent to commit murder in the second degree, petitioner engaged in conduct which tended to effect the commission of murder in the second degree. *See* N.Y. Penal Law §§ 110.00, 125.25. We find that stabbing someone in the chest is conduct which tends to effect the commission of murder in the second degree.