**Thomas MCDONALD, Petitioner–
Appellant,**

v.

**Joseph SMITH, Superintendent,
Respondent–Appellee.**

**No. 03–2686.**

United States Court of Appeals,
Second Circuit.

June 10, 2005.

Sally Wasserman, New York, NY, for Petitioner–Appellant.

Ann Bordley, Assistant District Attorney (Charles J. Hynes, District Attorney Kings County, Victor Barall Leonard Joblove, Assistant District Attorneys, on the brief), Brooklyn, NY, for Respondent–Appellee.

PRESENT: SOTOMAYOR, B.D. PARKER, and HALL, Circuit Judges.

**SUMMARY ORDER**

Petitioner-appellant Thomas McDonald appeals from a judgment of the United States District Court for the Eastern District of New York (Weinstein, J.), dated August 21, 2003, denying his petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Judge Weinstein granted McDonald a certificate of appealability on the question of whether the state court violated McDonald's due process rights by denying his post-conviction motion to have certain evidence tested for DNA. We assume the parties' familiarity with the facts and procedural background of this action.

This Court reviews a district court's denial of a habeas petition under 28 U.S.C. § 2254 *de novo. Ortega v. Duncan,* 333 F.3d 102, 106 (2d Cir.2003). Petitioner argues that the state's refusal to provide DNA testing violated due process because the rejection was irrational, arbitrary or capricious. We need not reach the question of whether New York Criminal Procedure Law § 440.30(1–a) creates a liberty interest protected by due process, *see Vitek v. Jones,* 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552, 562 (1980), because, even assuming McDonald had a liberty interest in the DNA testing, he has failed to allege the deprivation of any procedure required by due process. *See Rivera v. Marcus,* 696 F.2d 1016, 1026 (2d Cir.1982) ("Once a liberty interest is recognized, the focal question becomes whether the procedures used by the state adequately protect the interest implicated by the petitioner's claim."). McDonald invoked each level of judicial review provided for under New York's DNA testing provision. *See* N.Y.Crim. Proc. Law §§ 440.30(1–a), 450.10(5), 450.90 (McKinney Supp.2005); *People v. McDonald,* 298 A.D.2d 466, 748 N.Y.S.2d 275 (2d Dep't), *lv. denied,* 99 N.Y.2d 561, 754 N.Y.S.2d 213, 784 N.E.2d 86 (2002). McDonald has not alleged how each of these procedures failed to adequately protect his purported liberty interest. *See Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (internal quotations omitted)).

In light of our holding that McDonald has failed to allege a procedural due process violation, we need not reach the question of whether the district court erred in holding that McDonald's N.Y.Crim. Proc. Law § 440.30(1–a) motion for forensic DNA testing tolled the statute of limitations under 28 U.S.C. § 2244(d). *See Benn v. Greiner,* 402 F.3d 100, 107 (2d Cir.2005); *Acosta v. Artuz,* 221 F.3d 117, 122 (2d Cir.2000) (holding that § 2244(d) is not jurisdictional in nature). We note that we are dubious of petitioner's implicit argument that the prosecution constructively amended McDonald's indictment at summation. *See LanFranco v. Murray,* 313 F.3d 112, 118–21 (2d Cir.2002) (noting that federal constitution's Fifth Amendment's indictment clause has not been incorporated against the states and detailing New York law on variances violating New York's constitution). However, we need not consider this argument; we have already twice rejected petitioner's efforts to widen the scope of the certificate of appealability. We decline to do so again here.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.