People v Caceres (2022 NY Slip Op 03903)

People v Caceres

2022 NY Slip Op 03903

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2020-00621
 (Ind. No. 88-01328)

[*1]The People of the State of New York, respondent,
v
Nelson Caceres, appellant. 

Marianne Karas, Thornwood, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio and Raffaelina Gianfrancesco of counsel), for respondent.
Appeal by the defendant from a purported judgment of the Supreme Court, Westchester County (Susan Cacace, J.), rendered December 3, 2019, which, upon a judgment of the same court (Peter P. Rosato, J.) rendered September 27, 1989, convicting him, upon a jury trial in absentia, of attempted rape in the first degree and sexual abuse in the first degree (two counts) and imposing sentence in absentia, executed that sentence.

DECISION & ORDER
By order to show cause dated September 22, 2021, the appellant was directed to show cause before this Court why an order should not be made and entered dismissing the appeal on the ground that no appeal lies from an execution of sentence. By decision and order on motion of this Court dated November 12, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the submission of the appeal, it
ORDERED that the motion to dismiss the appeal is granted; and it is further,
ORDERED that the appeal is dismissed.
The appeal from the purported judgment must be dismissed, as the purported judgment is merely an execution of the sentence imposed on September 27, 1989 (see People v Nelson , 300 AD2d 602, 603; People v Sanchez , 278 AD2d 259).
CONNOLLY, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court