OPINION OF THE COURT
 

 Cooke, J.
 

 William Johnson was convicted, after a jury trial, of criminal sale of a controlled substance in the third degree (Penal Law, § 220.39). The conviction was affirmed, without opinion, by the Appellate Division (55 AD2d 858). On this appeal, defendant contends that the trial court erred in refusing to submit to the jury, following a proper request, the lesser included offense of criminal possession of a controlled substance in the seventh degree (Penal Law, § 220.03). We agree and therefore reverse and direct a new trial.
 

 The events from which this prosecution stems unfolded on
 
 *548
 
 the night of October 23, 1973. Conflicting accounts of the incident were offered by the prosecution and the defense. Two witnesses, William Jackson, indicted with the defendant, and John Herritage, a State Police Investigator, testified for the People. Their testimony reveals that at approximately 8:00 p.m. on the night in question, Jackson, while standing on North Street in Rochester, was approached by a confidential informant working with Investigator Herritage. The informant asked Jackson if he knew anyone with any "stuff”. When Jackson responded in the negative, the informant asked for directions to defendant’s residence. Jackson and the informant got into an automobile operated by Herritage and, following a short conversation, the three drove to the intersection of University Avenue and Oxford Street where they located defendant.
 

 Once there, Jackson emerged from the car, approached defendant and stated that the informant wished to purchase "a bundle”, meaning 25 glassine bags of heroin. Agreeing to supply the drugs, defendant arranged to meet the informant at Second Street and Central Park. Herritage, Jackson and the informant then proceeded to the appointed spot and awaited defendant’s arrival. After 10 minutes, Jackson went around the corner to Third Street and found defendant in front of his grandmother’s house. Defendant assured Jackson that he would be at the designated place in a short time, and Jackson relayed this information to Herritage and the informer. When defendant arrived at Second Street and Central Park shortly thereafter in his automobile, Herritage approached and handed him $125, which defendant counted twice. In return, the officer received a bundle of heroin defendant had taken from beneath a child lying on the front seat of his car.
 

 Testifying in his own behalf, defendant related a different version. According to defendant, he had been asked to obtain a quantity of heroin for those accompanying Jackson. Jackson sent him to Fourth Street to procure the drugs from Lorenzo, who lived in a house directly behind that of defendant’s grandmother. Instead of proceeding to Lorenzo’s, defendant went to his grandmother’s house. Sometime later, Jackson arrived with the heroin, gave it to defendant, and reminded him to collect the $125. Defendant then drove to Second Street, where the exchange with Officer Herritage was effected. Not too sure of his recollections, defendant stated that
 
 *549
 
 he had thought that Jackson was with him in his automobile and that it was Jackson rather than he who had actually passed the heroin to Officer Herritage.
 

 At trial, defense counsel requested that the court submit to the jury for its consideration the crime of criminal possession of a controlled substance in the seventh degree. The Trial Judge declined. The propriety of the trial court’s ruling is now before us for review (CPL 470.05, subd 2).
 

 Relevant to the issue presented in this case is CPL 300.50, which governs submission of lesser included offenses to the jury. That section prescribes two conditions which must be fulfilled before a Trial Judge is required to charge the jury as to a lesser crime:
 
 *
 
 first, there must be "a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater” (CPL 300.50, subd 1); second, one of the parties must request that the lesser offense be charged (CPL 300.50, subd 2). The request having been made here, we need only consider whether the first element of the standard has been satisfied.
 

 In approaching this question, we are not without guidance as to the meaning and proper application of the statutory language. Thus, it is well settled that a refusal to charge a lesser included crime is warranted only where " 'every possible hypothesis’ but guilt of the higher crime [is] excluded”
 
 (People v Henderson,
 
 41 NY2d 233, 236, quoting
 
 People v Shuman,
 
 37 NY2d 302, 304). Equally well established is the jury’s freedom "to accept or reject part or all of the defense or prosecution’s evidence”
 
 (People v Henderson, supra,
 
 at p 236). In applying these rules, moreover, we must view the evidence in a light most favorable to the defendant
 
 (People v Shuman, supra,
 
 at p 304).
 

 Here the jury had testimony before it indicating defendant had both possessed and sold heroin. Inasmuch as it was free to reject or accept any part of this evidence, the jury might have found defendant guilty of either simple possession or sale of a controlled substance (see
 
 People v Jenkins [Law],
 
 
 *550
 
 41 NY2d 307, 313-314, revg 48 AD2d 228). In such a situation, it cannot be said that every hypothesis "but guilt of the higher crime [was] excluded”
 
 (People v Henderson, supra,
 
 at p 236), and therefore the trial court should have charged the jury as to the lesser included offense of possession of a controlled substance.
 

 Accordingly, the order of the Appellate Division should be reversed and a new trial ordered.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
 

 Order reversed, etc.
 

 *
 

 Of course, the crime for which defendant seeks a charge must qualify as a "lesser included offense”. CPL 1.20 (subd 37) defines a lesser included offense: "When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense.’ ” We note in the present case that criminal possession of a controlled substance is within the ambit of this definition (see
 
 People v Jenkins [Law],
 
 41 NY2d 307, 313-314).