■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER WILLIAMS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 19, 1978, convicting him of assault in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of assault in the second degree and the sentence imposed thereon. As so modified, judgment affirmed and case remanded to the Supreme Court, Kings County, for a new trial under Count No. 1 of the indictment in accordance herewith. At trial, over defense counsel's objection, the court refused to charge down from second degree assault (Penal Law, § 120.05, subd 4 ["reckless" assault]) to third degree assault (Penal Law, § 120.00, subd 3 ["criminally negligent" assault]). The Court of Appeals has recently stated that "a refusal to charge a lesser included crime is warranted only where "'every possible hypothesis" but guilt of the higher crime [is] excluded'" *(People v Johnson,* 45 NY2d 546, 549). The defendant testified that he and the complainant "shot heroin" together before the assaultive incident occurred. The complainant asserted that she had stopped using heroin a week before the shooting. The complainant testified that the defendant shouted at her in anger, drew a gun, and shot her. However, the defendant testified that he found the gun under the cushions of the complainant's sofa and that the gun went off while he was showing it to a friend. Viewing the evidence in the light most favorable to the defendant, as we must on the question of the defendant's right to a charge of a lesser included offense (see *People v Johnson, supra),* there is a reasonable hypothesis that defendant may have committed only the lesser crime of criminally negligent assault. Therefore, defendant is entitled to a new trial under Count No. 1 of the indictment as to reckless assault (Penal Law, § 120.05, subd 4) and criminally negligent assault (Penal Law, § 120.00, subd 3). We note that the defendant may not be retried for the first degree assault (Penal Law, § 120.10, subd 1 ["intentional" assault]), since the jury acquitted him of that crime (see *Green v United States,* 355 US 184). Suozzi, J. P., Lazer, Cohalan and Martuscello, JJ., concur.