OPINION OF THE COURT
Benjamin Altman, J.
Is it a lesser included offense?
Defendant was indicted for burglary in the first degree as an armed felony and criminal use of a firearm in the first degree as an armed felony (Penal Law, §265.09). At the conclusion of the trial testimony, the prosecutor asked that the court consider the lesser included crimes of
(a) burglary in the third degree and criminal trespass in the second degree (Penal Law, § 140.15) for Count No. 1 in the indictment:
“§ 140.15 Criminal trespass in the second degree.
“A person is guilty of criminal trespass in the second degree when he knowingly enters or remains unlawfully in a dwelling.
“Criminal trespass in the second degree is a class A misdemeanor.”
and
(b) criminal possession of a gun in the fourth degree (Penal Law, .§ 265.01) for Count No. 2:
*226 “A person is guilty of criminal possession of a weapon in the fourth degree when:
“(1) He possesses any firearm, electronic dart gun, gravity knife, switchblade knife, cane sword, billy, blackjack, bludgeon, metal knuckles, chuka stick, sand bag, sandclub or slungshot; or
“(2) He possesses any dagger, dangerous knife, dirk, razor, stiletto, imitation pistol or any other dangerous or deadly instrument or weapon with intent to use the same unlawfully against another; or ***
“(4) He possesses a rifle or shotgun and has been convicted of a felony or serious offense; or * * *
“Criminal possession of a weapon in the fourth degree is a class A misdemeanor.”
As to (a), defendant joined the People in its request.
As to (b), defendant objected, arguing the following:
1. Section 265.09 is a use statute, not a possessory statute.
2. Only defendant’s guilt of a class B violent felony sets section 265.09 into operation; and
3. Hence, if a guilty verdict of a class B violent felony is found against the defendant, then and only then could section 265.09 be applicable and operable. If, on the other hand, the trier of the facts finds the defendant not guilty as to the class B violent felony (Penal Law, § 140.30 herein), the second count, of the indictment would be a non sequitur.
In essence, the thrust of defendant’s objection is that there is no lesser included offense of section 265.09.
Section 140.30 of the Penal Law (burglary in the first degree) states:
“A person is guilty of burglary in the first degree when he knowingly enters or remains unlawfully in a dwelling at night with intent to commit a crime therein, and when, in effecting entry or while in the dwelling or in immediate flight therefrom, he or another participant in the crime:
“1. Is arihed with explosives or a deadly weapon; or
“2. Causes physical injury to any person who is not a participant in the crime; or
*227 “3. Uses or threatens the immediate use of a dangerous instrument; or
“4. Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm; except that in any prosecution under this subdivision, it is an affirmative defense that such pistol, revolver, rifle, shotgun, machine gun or other firearm was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged. Nothing contained in this subdivision shall constitute a defense to a prosecution for, or preclude a conviction of, burglary in the second degree, burglary in the third degree or any other crime.
“Burglary in the first degree is a class B felony.”
Section 70.02 of the Penal Law defines burglary in the first degree (Penal Law, § 140.30) as a violent felony.
“1. Definition of a violent felony offense. A violent felony offense is a class B violent felony offense, a class C violent felony offense, a class D violent felony offense, or a class E violent felony offense, defined as follows:
“(a) Class B violent felony offenses: * * * criminal use of a firearm in the first degree as defined in section 265.09, and aggravated assault upon a peace officer as defined in section 120.11.”
Section 265.09 of the Penal Law (criminal use of a firearm in the first degree) states:
“A person is guilty of criminal use of a firearm in the first degree when he commits any class B violent felony offense as defined in paragraph (a) of subdivision one of section 70.02 and he either:
“(1) possesses a deadly weapon, if the weapon is a loaded weapon from which a shot, readily capable of producing death or other serious injury may be discharged; or
“(2) displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm.
“Criminal use of a firearm in the first degree is a class B felony.”
CPL 300.50 (subd 1) states: “§ 300.50 Court’s charge; submission of lesser included offenses. 1. In submitting a count of an indictment to the jury, the court in its discre *228 tion may, in addition to submitting the greatest offense which it is required to submit, submit in the alternative any lesser included offense if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater. If there is no reasonable view of the evidence which would support such a finding, the court may not submit such lesser offense. Any error respecting such submission, however, is waived by the defendant unless he objects thereto before the jury retires to deliberate.” (Emphasis added.)
ISSUE
Does section 265.01 of the Penal Law satisfy the statutory definition of a lesser included offense of section 265.09 of the Penal Law?
Technically, perhaps, defendant is correct but rationally and reasonably examining the totality of all the possession and use statutes involving weapons (except for section 265.08 of the Penal Law which is the sister statute to section 265.09), the defendant’s posture is inherently in error.
An examination of the purpose of section 265.09 would be instructive. The objective as stated in the Governor’s approval memorandum (NY Legis Ann, 1980, p 107) is to increase “mandatory *** sentences and stricter plea bargaining limitations for persons who commit felonies by use of a handgun” (emphasis supplied). As Arnold D. Hechtman states in his Practice Commentary on section 265.09, the purpose of the statute is to “inhibit pre-indictmnt plea bargaining”. (Hechtman, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, 1980-1981 Pocket Part, Penal Law, §265.09, p 17.) It was not the intention of the Legislature to have the section as a shield to protect those violating the law, i.e., criminal possession of a weapon.
In the instant case the defendant is charged with the use of a gun in the commission of a violent class B felony. The testimony elicited at trial showed that the defendant both used the gun and possessed it. The simple fact is that one cannot use a gun without possessing it. Use in the commis *229 sion of the alleged crime is not the only permissible inference to be drawn from the record.
The hint or suggestion of defendant is that if the People wanted section 265.01, the indictment should have had a count in respect thereto. The fact that the indictment did not charge criminal possession of a gun does not mean it cannot be considered by the trier of the fact.
A parallel can be drawn in People v Johnson (45 NY2d 546). There defendant was charged with criminal sale of a controlled substance — not possession. The trier of facts had before it testimony indicating that the defendant both possessed and sold heroin. The Court of Appeals upheld the submission of the possession count.
As Judge Fuld said in People v Mussenden (308 NY 558, 561-562), “It has been repeatedly written that if, upon any view of the facts, a defendant could properly be found guilty of a lesser degree or an included crime, the trial judge must submit such lower offense” (emphasis supplied).
Defendant’s objection is overruled and the trier of the facts will consider criminal possession of a weapon in the fourth degree (Penal Law, § 265.01). Since the Legislature wanted to convert violent felonies to armed violent felonies, one observation should be noted. The Legislature should take the advice of Professor Hechtman in his commentary: “One wonders why this circular path around the mulberry bush was adopted to reach the desired result. It could have been more directly accomplished by appropriate amendment of the definition of armed felony, with the added bonus of clarifying that presently ambiguous definition.” (Hechtman, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, 1980-1981 Pocket Part, Penal Law, §265.09, p 17; see People v Scarborough, 49 NY2d 364; People v Hendy, 64 AD2d 407; People v Johnson, 45 NY2d 546, supra.)