■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MCKELVEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered June 11, 1987, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, he was not deprived of a fair trial by the court's submission to the jury of the crime of manslaughter in the first degree (Penal Law § 125.20 [1]) as a lesser included offense of the crime of murder in the second degree (Penal Law § 125.25 [1]) charged in the indictment *(see,. CPL 300.50 [1]; People v Green,* 56 NY2d 427, 433-434, *rearg denied* 57 NY2d 775; *People v Stanfield,* 36 NY2d 467). Viewing the evidence adduced at the trial in a light most favorable to the defendant *(see, People v Johnson,* 45 NY2d 546), it reasonably supported a finding that when he stabbed his victim, he acted with the intent either to cause serious physical injury or with the intent to cause death *(see, People v Butler,* 57 NY2d 664; *People v Mills,* 105 AD2d 759; *cf., People v Asan,* 22 NY2d 526). As the jury could have reasonably found that the defendant committed the lesser but not the greater crime *(see, People v Glover,* 57 NY2d 61), the submission of the lesser included offense of manslaughter in the first degree was proper.

We have reviewed the defendant's remaining contention that the sentence was excessive and find it to be without merit *(see, People v Suitte,* 90 AD2d 80). Brown, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.