■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND BATTS, Appellant. [665 NYS2d 532] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ferdinand, J.), rendered August 10, 1995, convicting him of manslaughter in the first degree and criminal possession of a

weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court did not err in submitting to the jury, over the defendant's objection, the charge of manslaughter in the first degree as a lesser-included offense of murder in the second degree (intentional murder), since there was a reasonable view of the evidence which would support a finding that he intended to inflict serious physical injury upon the victim (see, CPL 300.50 [1]). In determining whether a lesser-included offense should be submitted to the jury, the evidence should be viewed in the light most favorable to the defendant (see, People v Johnson, 45 NY2d 546).

In the instant case, the defendant, acting in concert with Ernest Middleton and Middleton's foster brother, beat the victim to death. Middleton planned the attack on the victim in retaliation for the victim taking crack cocaine from him without paying for it.

At the trial, the defendant testified that he saw Middleton and Middleton's foster brother armed with bats. The defendant testified that Middleton told him the bats were for "a crackhead who owed them money" and that they were "going to f - - - him up". Although the defendant denied participating in the attack, other witnesses saw the defendant enter and leave the building where the victim was killed, in the company of Middleton and his foster brother. A witness testified that when the defendant and his accomplices left the scene, the victim was "moaning" and still alive. The police later recovered an aluminum bat with blood on it after it was dropped by one of the defendant's accomplices.

Middleton acknowledged that both he and the defendant were armed with bats, but placed the blame upon the defendant for the blows inflicted. However, there would be a rational basis for the jury to discredit the portion of Middleton's testimony which minimized both his own culpability and that of his foster brother (see, People v Scarborough, 49 NY2d 364, 373; People v Butler, 86 AD2d 811, 812 [Sandler, J., dissenting], revd 57 NY2d 664 on dissenting opn of Sandler, J.).

Under the circumstances, it cannot be said that there was no reasonable view of the evidence that the defendant intended to inflict serious physical injury when he participated in the crimes charged.

The defendant's remaining contention that the trial court erred by failing to instruct the jury concerning the effect that

voluntary intoxication could have on the defendant's specific intent is unpreserved for appellate review (*see,* CPL 470.05 [2]). Bracken, J. P., Joy, Altman and Goldstein, JJ., concur.