■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE FAISON, Appellant. [697 NYS2d 296] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered February 26, 1997, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (D'Emic, J.), of those branches of the defendant's omnibus motion which were to suppress statements he made to law enforcement officials and identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he was not deprived of a fair trial by the court's submission to the jury of the crime of manslaughter in the first degree (*see*, Penal Law § 125.20 [1]) as a lesser-included offense of the crime of murder in the second degree (*see*, Penal Law § 125.25 [1]) charged in the indictment (*see*, CPL 300.50 [1]). Viewing the evidence adduced at trial in a light most favorable to the defendant (*see, People v Johnson*, 45 NY2d 546), it reasonably supported a finding that when he repeatedly shot his victim's chest and back, he acted with the intent either to cause serious physical injury or with the intent to cause death (*see, People v Butler*, 57 NY2d 664; *People v Albert*, 213 AD2d 414; *People v McKelvey*, 150 AD2d 807; *cf., People v Wheeler*, 257 AD2d 673; *People v Kelly*, 221 AD2d 661). As the jury could have reasonably found that the

defendant committed the lesser but not the greater crime (*see, People v Glover,* 57 NY2d 61), the submission of the lesser-included offense of manslaughter in the first degree was proper.

Contrary to the defendant's further contention, his arraignment was not strategically delayed so that he could be questioned outside the presence of counsel. Since the police were investigating the defendant's possible involvement in an unrelated crime, one which they were aware of at the time of his initial arrest, the delay in arraignment was warranted (*see, People v Marshall,* 244 AD2d 508; *People v Marinelli,* 238 AD2d 525; *People v Quartieri,* 171 AD2d 889).

The defendant's remaining contentions do not warrant reversal under the circumstances of this case. Joy, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.