■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILSON PACHECO, Appellant. [721 NYS2d 251] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Wade, J.), rendered November 12, 1998, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence, and (2) a purported judgment of the same court rendered January 26, 1999.

Ordered that the appeal from the purported judgment is dismissed; and it is further,

Ordered that the judgment is affirmed.

The appeal from the purported judgment must be dismissed, as the purported judgment is nothing more than a proceeding to cause the judgment rendered on November 12, 1998, to be brought to execution (*see, People v Sanchez,* 278 AD2d 259; *People v DeVillar,* 264 AD2d 528).

Contrary to the defendant's contention, the trial court providently exercised its discretion in refusing to provide him with an advance ruling as to whether his testimony would "open the door" and permit the People to question him about a

pending drug charge (see, People v Ardito, 231 AD2d 116; see also, People v Betts, 70 NY2d 289, 295).

The trial court properly amended counts 12 and 13 of the indictment pursuant to CPL 200.70 (1) at the close of the People's case to reflect the Grand Jury's intention to indict the defendant for possession of heroin instead of cocaine. The amendment did not change the theory of the prosecution, and the defendant was not prejudiced in any way by the amendment (see, People v DeSanto, 217 AD2d 636; People v Acevedo, 215 AD2d 115; People v Heaton, 59 AD2d 704).

The defendant's remaining contentions are without merit. Bracken, Acting P. J., O'Brien, Florio and Schmidt, JJ., concur.