■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH JACKSON, Appellant. [738 NYS2d 880] —Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered March 7, 1997, convicting him of murder in the second degree, intimidating a victim or witness in the first degree, and hindering prosecution in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant was taken into custody on, inter alia, several outstanding Nassau County District Court warrants issued in August and October 1994 relating to marihuana possession, criminal solicitation, and harassment. While in custody, he was informed of and waived his *Miranda* rights (*see, Miranda v Arizona,* 384 US 436). Subsequently, he was questioned about and confessed to the murder of the victim. The murder was unrelated to the charges which led to the issuance of the outstanding warrants. The County Court denied that branch of the defendant's omnibus motion which was to suppress his statements, and the defendant was convicted after trial of, among other things, murder in the second degree.

The defendant's contention that his right to counsel was violated when the police questioned him regarding the murder is without merit. Although the defendant was represented on the charges related to the outstanding warrants, he presented no evidence that the police knew that he was represented on such charges (*see, People v Rosa,* 65 NY2d 380; *People v Acosta,* 259 AD2d 422). Thus, the defendant could, and did, validly waive his right to counsel on the instant charges, as to which he was not represented by counsel and which were unrelated to the other charges (*see, People v Steward,* 88 NY2d 496; *People v Cawley,* 76 NY2d 331; *People v Lovell,* 267 AD2d 476, 478; *People v Acosta, supra*).

We also reject the defendant's claim that his statement

should have been suppressed based on the delay in his arraignment on narcotics charges. There is no evidence that there was any undue delay in the arraignment for the purpose of depriving the defendant of his right to counsel and obtaining an involuntary confession (*see, People v Faison,* 265 AD2d 422; *People v Beale,* 283 AD2d 653; *People v White,* 259 AD2d 508; *People v Fisher,* 199 AD2d 279).

The defendant's remaining contention is without merit. Prudenti, P.J., Santucci, Florio and Friedmann, JJ., concur.