■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DARYL WILLIAMS, Respondent. [746 NYS2d 175]

The defendant's claim that his statements should have been suppressed based upon the delay in his arraignment is without merit. An unnecessary delay in an arraignment, without more, does not cause the accused's right to counsel to attach automatically, and such a delay is only one factor to consider in assessing the voluntariness of a confession (*see People v Beale,* 283 AD2d 653; *People v White,* 259 AD2d 508; *see generally People v Hopkins,* 58 NY2d 1079). To suppress a statement on this ground, there must be evidence that the delay was for the purpose of depriving the defendant of his right to counsel and obtaining an involuntary confession (*see People v Jackson,* 292 AD2d 466). There should be evidence that this delay was strategically designed so that an accused could be questioned outside the presence of counsel (*see People v Faison,* 265 AD2d 422).

Here, there is no evidence that any of the statements made by the defendant were the result of coercive tactics. Rather, they were freely and voluntarily given after the defendant was apprised of and acknowledged his right to counsel. Additionally, the police were involved in investigating and interviewing two other suspects involved in the same homicide. Much of the delay in arraigning this defendant can be attributed to the thorough investigation in which the police engaged regarding those other suspects and the conflicting versions of events given by them. There is nothing in the record before the court to indicate that the police delayed the defendant's arraignment in order to deprive him of his right to counsel or that the delay was strategically designed to allow the police to continue to

question him outside the presence of an attorney. Accordingly, the Supreme Court improperly granted that branch of the defendant's omnibus motion which was to suppress certain of his statements to law enforcement officials (*see People v Jackson, supra; People v Beale, supra; People v White, supra; People v Faison, supra*). Santucci, J.P., S. Miller, Goldstein and Townes, JJ., concur. [*See* 189 Misc 2d 375.]