■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELL WILLIAMS, Appellant. [756 NYS2d 499] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered June 7, 1999, convicting him of rape in the first degree (five counts), sodomy in the first degree (five counts), sexual abuse in the first degree (three counts), criminal contempt in the first degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAMEL WILLIAMS, Appellant. [756 NYS2d 500] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered May 29, 1998, convicting him of murder in the second degree and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Lipp, J.), of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The factual findings and credibility determination of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Prochilo,* 41 NY2d 759, 761 [1977]). Here, the hearing record supports the denial of that branch of the defendant's omnibus motion which was to suppress his custodial state-

ments to law enforcement officials (*see Miranda v Arizona,* 384 US 436 [1966]). The detective's uncontroverted testimony established that the defendant was provided with food and water, his other physical needs were met, he was properly advised of his rights utilizing a *Miranda* form, and he was not denied access to counsel (*see People v Salaam,* 83 NY2d 51 [1993]; *People v Williams,* 62 NY2d 285 [1984]). Additionally, since there was no evidence that the police were aware that the defendant was represented by counsel on a separate and unrelated matter, they were under no duty to contact counsel (*see People v Jackson,* 292 AD2d 466 [2002], *lv denied* 98 NY2d 730 [2002]).

Errors made during the trial, if any, do not require reversal in light of the overwhelming evidence of the defendant's guilt (*see People v Tutt,* 38 NY2d 1011 [1976]; *People v Howard,* 193 AD2d 620 [1993]; *see also People v Crimmins,* 36 NY2d 230 [1975]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Smith, J.P., Goldstein, Crane and Rivera, JJ., concur.