■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BLACKMON, Appellant. [797 NYS2d 127]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered November 26, 2001, convicting him of rape in the first degree, sodomy in the first degree, and burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress his statements to law

enforcement officials, physical evidence, and identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, those branches of his omnibus motion which were to suppress his statements and the physical and identification evidence obtained as a result thereof were properly denied. An unnecessary delay in an arraignment, without more, does not cause the accused's right to counsel to attach automatically, and such a delay is only one factor to consider in assessing the voluntariness of a confession (*see People v Ramos*, 99 NY2d 27 [2002]). Here, there is no evidence that any of the statements made by the defendant were the result of coercive tactics. Rather, they were freely and voluntarily given after the defendant was apprised of and acknowledged his right to counsel. Further, there is nothing in the record to indicate that the police delayed the defendant's arraignment to deprive him of his right to counsel or that the delay was strategically designed to allow the police to continue to question him outside the presence of an attorney (*see People v Williams*, 297 AD2d 325 [2002]; *People v Diaz*, 280 AD2d 553 [2001]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of rape in the first degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Schmidt, J.P., S. Miller, Santucci and Mastro, JJ., concur.