THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM BRYAN, Appellant. [842 NYS2d 29]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Adler, J.), rendered June 2, 2005, convicting him of rape in the first degree, criminal sexual act in the first degree, burglary in the first degree (two counts), burglary in the second degree, sexual abuse in the first degree (five counts), assault in the second degree, menacing in the second degree, possession of burglar's tools, resisting arrest, and unlawful possession of marijuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials. While the period during which the defendant was questioned was lengthy, he was given several breaks, including a number of hours in which he participated in a lineup, and he was provided with food and water. Moreover, the record indicates that the defendant was not deprived of sleep. On three separate occasions, the defendant was advised of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]) and agreed to speak to law enforcement officials without an attorney. Considering the totality of the circumstances, the defendant's statements were voluntarily made (*see People v Blackmon*, 19 AD3d 611, 612 [2005]; *People v McCoy*, 284 AD2d 554, 554-555 [2001]; *People v Marshall*, 244 AD2d 508, 508-509 [1997]; *see also People v Salley*, 25 AD3d 473, 474 [2006]; *cf. People v Anderson*, 42 NY2d 35, 37-41 [1977]). Moreover, there is nothing in the record to indicate that the police delayed the defendant's arraignment to deprive him of his right to counsel or to continue to question him without the presence of an attorney (*see People v Ramos*, 99 NY2d 27, 34-36 [2002]; *People v Blackmon, supra*). There is no evidence that the defendant's statements resulted from coercive tactics (*see People v Williams*, 297 AD2d 325 [2002]). Rather, the police were involved in the investigation of several similar incidents. Much of the delay in arraigning the defendant can be attributed to the time needed to arrange and conduct a lineup and contact the witnesses to the crimes being investigated.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant's remaining contentions are without merit or do not require reversal. Crane, J.P., Goldstein, Covello and Dickerson, JJ., concur.