THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN OSORIO, Appellant. [855 NYS2d 163]—

The defendant was indicted and tried on charges of intentional murder (*see* Penal Law § 125.25 [1]) and depraved indifference murder (*see* Penal Law § 125.25 [2]). The jury acquitted him of intentional murder, but convicted him of depraved indifference murder.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his second written statement to law enforcement officials. Considering the totality of the evidence adduced at the suppression hearing (*see People v Anderson*, 42 NY2d 35, 38 [1977]), the defendant's contention that his second written statement to law enforcement officials should have been suppressed because it was involuntarily made is without merit. The evidence demonstrates that the defendant knowingly waived his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]) on several occasions during his interrogation and there is no evidence that his second written statement was obtained through threats or coercion (*see People v Bryan*, 43 AD3d 447 [2007]; *People v Knudsen*, 34 AD3d 496 [2006]; *People v Blackmon*, 19 AD3d 611, 612 [2005]). In addition, the defendant's contention that an unnecessary delay

in his arraignment (*see* CPL 140.20) deprived him of the right to counsel is without merit as a "delay in arraignment 'does not cause the right to counsel to attach automatically' " (*People v Ramos,* 99 NY2d 27, 34 [2002], quoting *People v Hopkins,* 58 NY2d 1079, 1081 [1983]; *see People v Santiago,* 289 AD2d 421 [2001]). The evidence at the hearing demonstrates that the defendant knowingly and voluntarily signed a temporary waiver of his speedy arraignment rights and there is no evidence that the arraignment was delayed for the purpose of depriving him of the right to counsel.

The trial court properly denied the defendant's application to discharge a sworn juror (*see* CPL 270.35).

The defendant's contention that his conviction of depraved indifference murder (*see* Penal Law § 125.25 [2]) is not supported by legally sufficient evidence is unpreserved for appellate review (*see People v Gray,* 86 NY2d 10 [1995]). In any event, that contention is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant's contention that the trial court's charge to the jury constituted reversible error is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, contrary to the defendant's contention, the court did not minimize the culpability or blameworthiness of the crime of depraved indifference murder. To the extent that the defendant contends that the trial court should have charged the jury with the lesser-included offense of manslaughter in the second degree, that contention is also unpreserved for appellate review as the defendant never requested such a charge (*see* CPL 300.50 [2]). In any event, the trial court did not err in failing to submit the lesser-included offense to the jury since there was no reasonable view of the evidence that the defendant committed the lesser offense without having committed the greater offense (*see* CPL 300.50 [1]; *People v Glover,* 57 NY2d 61, 63 [1982]; *People v Connelly,* 32 AD3d 863 [2006]; *People v Webb,* 31 AD3d 796, 797 [2006]).

The trial court providently exercised its discretion in declining to provide the defendant with an advance ruling as to whether his testimony would "open the door," permitting the People to question him about a prior uncharged bad act (*see People v Niver,* 41 AD3d 961, 964 [2007], *lv denied* 9 NY3d 924 [2007]; *People v Frazier,* 309 AD2d 534 [2003]; *People v Sanchez,* 289 AD2d 265 [2001]; *People v Pacheco,* 280 AD2d 685 [2001]).

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summa-

tion is unpreserved for appellate review as he did not object to some of the remarks and, after the court issued curative instructions with respect to the other remarks, he failed to request further instructions or move for a mistrial (*see People v Heide,* 84 NY2d 943, 944 [1994]; *People v Muniz,* 44 AD3d 1074 [2007]; *People v Salnave,* 41 AD3d 872 [2007], *lv denied* 9 NY3d 926 [2007]). In any event, the challenged remarks did not exceed the bounds of rhetorical comment permissible in closing argument (*see People v Galloway,* 54 NY2d 396, 399 [1981]), constituted fair response to comments made during the defense counsel's summation, or were fair comment on the evidence (*see People v Muniz,* 44 AD3d 1074 [2007]; *People v Salnave,* 41 AD3d 872 [2007], *lv denied* 9 NY3d 926 [2007]).

Contrary to the defendant's contention, as set forth in Point VI of his reply brief, he was not denied the effective assistance of counsel (*see People v Baldi,* 54 NY2d 137 [1981]).

The defendant failed to preserve for appellate review his contention that the sentence imposed by the court improperly penalized him for exercising his right to a jury trial because he did not set forth that issue on the record at the time of sentencing (*see People v Hurley,* 75 NY2d 887, 888 [1990]; *People v Brown,* 38 AD3d 676, 677 [2007]). In any event, the court did not punish the defendant for asserting his right to proceed to trial.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Ritter, J.P., Florio, Carni and Leventhal, JJ., concur.