■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLLMAN LOPEZ, Appellant. [885 NYS2d 514]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered February 13, 2007, convicting him of murder in the second degree (two counts, one count each of intentional murder and felony murder), attempted robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

A detective investigating the shooting homicide of an employee of a delicatessen on Staten Island learned that the defendant might have been involved in the shooting. The detective also learned that the defendant was being held in custody in Pennsylvania on an unrelated drug charge. He thus spoke to the arresting detective in that case. No attorney cautioned the New York detective not to speak with the defendant, and no Pennsylvania official informed him that the defendant was represented by counsel. The detective met with the defendant in the Pennsylvania correctional facility, and read him his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]), which the defendant waived.

The Supreme Court correctly denied that branch of the defendant's omnibus motion which was to suppress his state-

ments to the New York detective. Although the defendant was represented by counsel in connection with the charge for which he was in custody in Pennsylvania, his right to counsel was not implicated because the New York detective who questioned him was not aware of this fact (*see People v Orlando,* 61 AD3d 1001 [2009]; *People v Williams,* 303 AD2d 608, 609 [2003]; *People v Jackson,* 292 AD2d 466 [2002]).

The defendant's contention, raised in his supplemental pro se brief, is unpreserved for appellate review and, in any event, is without merit. Spolzino, J.P., Santucci, Florio and Lott, JJ., concur.