■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARNELL DRAYTON, Appellant. [896 NYS2d 320]—

Judgment, Supreme Court, New York County (John Cataldo, J.), rendered March 30, 2006, convicting defendant, after a jury trial, of grand larceny in the fourth degree and fraudulent accosting, and sentencing him, as a second felony offender, to an aggregate term of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's motion to suppress identification testimony. The record supports the court's findings that the photo array and lineup were not unduly suggestive. In each instance, defendant and the other participants were reasonably similar in appearance, and any difference was not sufficient to create a substantial likelihood that defendant would be singled out for identification (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). The fact that defendant was the only person in the photo array, and almost the only person in the lineup, wearing a white shirt did not render these procedures unduly suggestive, even though the victim's description of one of the perpetrators included a reference to a white shirt. A white shirt is an extremely common article of clothing that did not figure prominently in the description and was unlikely to attract the victim's attention (*see e.g. People v Gilbert*, 295 AD2d 275, 277 [2002], *lv denied* 99 NY2d 558 [2002]). We have considered and rejected defendant's remaining challenges to the identification procedures.

When, on cross-examination at trial, a police officer revealed uncharged criminal activity by defendant, this testimony was responsive to defense counsel's questions; moreover, defense counsel never objected to the officer's responses on cross-examination, and he continued to elicit similar information. Defense counsel only objected to the prosecutor's elicitation of further details on redirect examination. To the extent there was any error in the scope of redirect examination that the court permitted, we find it to be harmless, particularly since the testimony at issue was essentially similar to the testimony the officer had already given on cross-examination. Concur—Andrias, J.P., Saxe, Sweeny, Freedman and Román, JJ.