■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DINO SOLORZANO, Appellant. [944 NYS2d 154]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered May 21, 2009, convicting him of assault in the first degree, assault in the second degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

The appeal brings up for review the denial, after a hearing (O'Dwyer, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. The defendant's claim that his statements should have been suppressed based upon the delay in his arraignment is without merit. "An unnecessary delay in an arraignment, without more, does not cause the accused's right to counsel to attach automatically, and such a delay is only one factor to consider in assessing the voluntariness of a confession" (*People v Williams*, 297 AD2d 325, 325 [2002]; *see People v Bryan*, 43 AD3d 447 [2007]; *People v Beale*, 283 AD2d 653 [2001]). To suppress a statement on this ground, there must be evidence that the delay was for the purpose of depriving the defendant of the right to counsel and obtaining an involuntary confession (*see People v Jackson*, 292 AD2d 466 [2002]), and that this delay was strategically designed so that an accused could be questioned outside the presence of counsel (*see People v Faison*, 265 AD2d 422 [1999]).

Here, there is no evidence that the delay was for these purposes. Rather, the evidence demonstrates that the defendant's statements were freely and voluntarily given after the defendant was apprised of and acknowledged his right to counsel. Thus, considering the totality of the circumstances, the defendant's statements were voluntarily made (*see People v Bryan*, 43 AD3d 447 [2007]; *People v Blackmon*, 19 AD3d 611, 612 [2005]).

The defendant's remaining contention is unpreserved, and we decline to review it in the exercise of our interest of justice jurisdiction (*see People v Starling*, 85 NY2d 509, 516 [1995]; *People v Gerrara*, 88 AD3d 811, 812 [2011]). Florio, J.P., Lott, Sgroi and Miller, JJ., concur.

Motion by the appellant, inter alia, to strike stated portions of the respondent's brief on an appeal from a judgment of the Supreme Court, Queens County, rendered May 21, 2009. By decision and order on motion of this Court dated December 2, 2011, that branch of the motion which was to strike stated portions of the respondent's brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers

filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which was to strike stated portions of the respondent's brief is denied. Florio, J.P., Lott, Sgroi and Miller, JJ., concur.