▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH GUERRIER, Appellant. [11 NYS3d 248]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Cohen, J.), rendered November 15, 2011, convicting him of murder in the second degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. Contrary to the defendant's contention, the record does not support the conclusion that the police unnecessarily delayed his arraignment for purposes of depriving him of his right to counsel and obtaining an involuntary confession (*see People v Bonds*, 118 AD3d 717 [2014]; *People v Jin Cheng Lin*, 105 AD3d 761 [2013], *lv granted* 21 NY3d 1012 [2013]; *People v Solorzano*, 94 AD3d 1153 [2012]; *People v DeCampoamor*, 91 AD3d 669 [2012]). Additionally, the evidence presented at trial did not establish that the defendant's statements were involuntary (*see* CPL 60.45, 710.70 [3]; *People v Williams*, 297 AD2d 325 [2002]).

Furthermore, contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his motion, made during the trial, to reopen the suppression hearing. The defendant failed to demonstrate that the new facts he proffered in support of the motion were likely to affect the original determination (*see* CPL 710.40 [4]; *People v Clark*, 88 NY2d 552, 555 [1996]; *People v Perkins*, 124 AD3d 915 [2015]; *People v Moore*, 118 AD3d 916, 918 [2014]).

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to estab-

lish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that certain remarks made by the prosecutor during summation deprived him of a fair trial is also unpreserved for appellate review, since he either failed to object to the remarks at issue, made only a general objection, or failed to request further curative relief when his objections were sustained (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]). In any event, all of the challenged portions of the prosecutor's summation were within the bounds of permissible comment, fair response to the defendant's attack on the credibility of the People's witnesses, fair comment on the evidence and the reasonable inferences to be drawn therefrom, or permissible rhetorical comment (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Leventhal, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.