■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAUN BOYD, Appellant. [10 NYS3d 339]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Condon, J.), rendered August 7, 2013, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's motion and renewed motion to withdraw his plea of guilty were properly denied without a hearing. "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry 'rest[s] largely in the discretion of the Judge to whom the motion is made' and a hearing will be granted only in rare instances" (*People v Brown*, 14 NY3d 113, 116 [2010], quoting *People v Tinsley*, 35 NY2d 926, 927 [1974]). In support of his motions, the defendant asserted that he was innocent of the crimes charged, and that his former counsel, who had represented him at the plea proceeding, had been compromised by a conflict of interest. The record does not support the defendant's contentions that his former counsel ever afforded legal representation to any person other than the defendant in connection with this case, or that former counsel's representation of the defendant was affected by a conflict of interest. Furthermore, "[a] defendant is not entitled to withdraw his guilty plea based on a subsequent unsupported claim of innocence, where the guilty plea was voluntarily made with the advice of counsel following an appraisal of the relevant factors" (*People v Dixon*, 29 NY2d 55, 57 [1971]).

The defendant's remaining contentions are without merit. Leventhal, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.