People v Bray (2018 NY Slip Op 05187)





People v Bray


2018 NY Slip Op 05187


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2011-02877
 (Ind. No. 7/10)

[*1]The People of the State of New York, respondent,
v
Paul Bray, appellant.


Paul Skip Laisure, New York, NY (Kendra L. Hutchinson of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Anne Grady of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Robert Collini, J.), rendered February 25, 2011, convicting him of assault in the second degree and burglary in the second degree (eight counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. The defendant's claim that his statements should have been suppressed based upon the delay in his arraignment is without merit. "An unnecessary delay in an arraignment, without more, does not cause the accused's right to counsel to attach automatically, and such a delay is only one factor to consider in assessing the voluntariness of a confession" (People v Williams, 297 AD2d 325; see People v Bryan, 43 AD3d 447; People v Beale, 283 AD2d 653). "[T]he overriding concern is not with the mere fact that a delay has transpired, but rather with the effect of an unnecessary time lag between arrest and arraignment on a defendant's ability to decide whether to speak and how to respond to questioning" (People v Jin Cheng Lin, 26 NY3d 701, 720). Thus, " except in cases of involuntariness, a delay in arraignment, even if prompted by a desire for further police questioning, does not warrant suppression'" (People v Jin Cheng Lin, 26 NY3d at 720, quoting People v Ramos, 99 NY2d 27, 35). A court must give careful consideration to a delay that impacts a defendant's resistance by extending exposure to the pressures of interrogation to the point where a defendant's will bends to the desires of the interrogators, or during which a defendant is led to believe that the only way to end interrogation is by bargaining away legal rights (see People v Jin Cheng Lin, 26 NY3d at 720).
Here, even assuming that the police unnecessarily delayed the defendant's arraignment, the evidence at the suppression hearing demonstrates that the defendant's statements were freely and voluntarily given after he was apprised of, and acknowledged, his right to counsel. Further, the defendant was provided with food, soda, access to a bathroom, and the opportunity to rest in between short questioning sessions. Nothing in the record suggests that physical force was used or threatened (see People v Mateo, 2 NY3d 383; People v Petronio, 34 AD3d 602, 604; People [*2]v Miles, 276 AD2d 566, 567; cf. People v Anderson, 42 NY2d 35), or that any improper conduct or undue pressure impaired the defendant's physical or mental condition to the extent of undermining his ability to make a choice whether or not to make a statement.
The defendant's contention that his convictions for burglary in the second degree (eight counts) were not supported by legally sufficient evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of those crimes by a reasonable doubt. Moreover, upon our independent review of the evidence pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's challenge to the jury instructions is unpreserved for appellate review and, in any event, without merit.
RIVERA, J.P., SGROI, DUFFY and IANNACCI, JJ., concur.

2011-02877 DECISION & ORDER ON MOTION
The People, etc., respondent,
v Paul Bray, appellant.
(Ind. No. 7/10)

Motion by the respondent to strike Point I of the appellant's brief on an appeal from a judgment of the Supreme Court, Richmond County, rendered February 25, 2011. By decision and order on motion of this Court dated November 2, 2017, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is denied.
RIVERA, J.P., SGROI, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court