People v Blount (2019 NY Slip Op 07599)





People v Blount


2019 NY Slip Op 07599


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-08249
 (Ind. No. 15-1204)

[*1]The People of the State of New York, respondent,
v
Ahkim Blount, appellant.


Del Atwell, East Hampton, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Jennifer Spencer and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), rendered July 11, 2017, convicting him of predatory sexual assault (three counts), rape in the first degree, criminal sexual act in the first degree (two counts), sexual abuse in the first degree (two counts), robbery in the third degree (two counts), robbery in the second degree, and robbery in the first degree (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's denial of that branch of the defendant's omnibus motion which was to suppress identification testimony. "In determining whether a photographic array was unduly suggestive the hearing court should consider whether there was any substantial likelihood that the defendant would be singled out for identification" (People v Thomas, 164 AD3d 619, 621 [internal quotation marks omitted]; see People v Burroughs, 98 AD3d 583, 583). "A photographic display is suggestive when some characteristic of one picture draws the viewer's attention to it, indicating that the police have made a particular selection" (People v Cantoni, 112 AD3d 733, 733 [internal quotation marks omitted]; see People v Redding, 132 AD3d 700, 700). Here, the People established that the persons depicted in the other photographs included in the arrays viewed by two of the victims were sufficiently similar in appearance to the defendant. A detective who prepared the arrays testified that he had prepared the arrays by entering information about the defendant's appearance into a computer program and then selecting from the results (see Matter of Jamir T., 169 AD3d 800, 801; People v Thomas, 164 AD3d at 621; People v Busano, 141 AD3d 538, 540-541). The fact that the defendant's photograph was cropped closer than the other photographs and that he was wearing a hoodie were not, in themselves, enough to establish that the photographic arrays were unduly suggestive (see People v McBride, 14 NY3d 440, 448; People v Thomas, 164 AD3d at 621; People v Drayton, 70 AD3d 595, 596). Further, the composition of the defendant's photograph was not so dissimilar to the other photographs as to " create a substantial likelihood that the defendant would be singled out for identification'" (People v Johnson, 165 AD3d 1168, 1170, quoting People v Chipp, 75 NY2d 327, 336; see People v Smith, 157 AD3d 978, 979).
In addition, we agree with the Supreme Court's denial of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. CPL 140.20(1) requires that "a prearraignment detention not be prolonged beyond a time reasonably necessary to accomplish the tasks required to bring an arrestee to arraignment" (People v Jin Cheng Lin, 26 NY3d 701, 721 [internal quotation marks and citation omitted]). "While an undue delay in arraignment is properly considered when assessing the voluntariness of a defendant's confession, a delay in arraignment alone does not warrant suppression, as it is but one factor in assessing voluntariness" (People v Johnson, 139 AD3d 967, 970, affd 31 NY3d 942; see People v Ramos, 99 NY2d 27, 34-35). "To suppress a statement on this ground, there must be evidence that the delay was for the purpose of depriving the defendant of the right to counsel and obtaining an involuntary confession, and that this delay was strategically designed so that an accused could be questioned outside the presence of counsel" (People v Solorzano, 94 AD3d 1153, 1154 [citation omitted]). Contrary to the defendant's contention, the record does not reflect that the police unnecessarily delayed his arraignment for purposes of depriving him of the right to counsel and obtaining an involuntary confession (see People v Solorzano, 94 AD3d at 1154), but rather that the delay was attributable to the police investigating the defendant's possible involvement in other crimes (see People v Johnson, 139 AD3d at 971; People v Faison, 265 AD2d 422; People v Marshall, 244 AD2d 508, 509). Moreover, the evidence did not establish that the defendant's statements were involuntary (see People v Bray, 163 AD3d 703, 704; People v DeCampoamor, 91 AD3d 669, 670).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying, without a hearing, his motion to withdraw his plea of guilty. "A motion to withdraw a plea of guilty rests within the sound discretion of the court, and generally will not be disturbed absent an improvident exercise of discretion" (People v Jackson, 170 AD3d 1040, 1040; see CPL 220.60[3]; People v Alexander, 97 NY2d 482, 485). " Generally, a plea of guilty may not be withdrawn absent some evidence of innocence, fraud, or mistake in its inducement'" (People v Jackson, 170 AD3d at 1040, quoting People v Rodriguez, 142 AD3d 1189, 1189-1190 [internal quotation marks omitted]). "When a defendant moves to withdraw a plea of guilty, the nature and extent of the fact-finding inquiry rests largely in the discretion of the court, and a hearing will be granted only in rare instances" (People v Jackson, 170 AD3d at 1040; see People v Tinsley, 35 NY2d 926). Here, the record demonstrates that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Jackson, 170 AD3d at 1040-1041; People v Boria, 157 AD3d 811, 812). The defendant's contention that the court should have granted his motion to withdraw his plea in light of his denial of guilt during his interview with the Department of Probation is unpreserved for appellate review, since the defendant failed to move to withdraw his plea on that ground (see CPL 470.05[2]; People v Vicente, 167 AD3d 951, 952). In any event, that contention is without merit (see People v Boyd, 129 AD3d 854).
Furthermore, the defendant contends that he was deprived of his right to be present at the Sandoval hearing (see People v Sandoval, 34 NY2d 371). "A criminal defendant has the right to be present at all material stages of his trial, including a Sandoval hearing" (People v Badia, 130 AD3d 744, 746; see People v Dokes, 79 NY2d 656). "However, it is equally well settled that a presumption of regularity attaches to all judicial proceedings, and it is the defendant who bears the burden of rebutting that presumption" (People v Badia, 130 AD3d at 746). Here, the defendant failed to rebut the presumption of regularity by demonstrating that he was, in fact, absent from the Sandoval hearing (see People v Velasquez, 1 NY3d 44, 48; People v Badia, 130 AD3d at 746).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is unpreserved for appellate review (see CPL 470.05[2]), and, in any event, without merit.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court