People v Jordan (2021 NY Slip Op 06702)





People v Jordan


2021 NY Slip Op 06702


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
LARA J. GENOVESI, JJ.


2018-04811
 (Ind. No. 2332/15)

[*1]The People of the State of New York, respondent,
v
Charles Jordan, appellant.


Joseph W. Murray, Great Neck, NY (Joseph Z. Amsel and Bruce Cutler of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle S. Fenn of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard Buchter, J.), rendered March 20, 2018, convicting him of manslaughter in the first degree and leaving the scene of an incident without reporting, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court did not err with respect to a Sandoval application (People v Sandoval, 34 NY2d 371). Although a defendant is entitled to an advance ruling on whether, and to what extent, the People may cross-examine him or her about prior crimes or bad acts that bear on credibility, veracity, or honesty (see People v Hayes, 97 NY2d 203, 207), here, the People indicated that they did not intend to cross-examine the defendant about any prior crimes or bad acts. Contrary to the defendant's suggestion, he was not entitled to an advance ruling on what testimony might nevertheless open the door to such questioning (see People v Osorio, 49 AD3d 562, 563; People v Pacheco, 280 AD2d 685, 685-686).
Contrary to the defendant's contention that the Supreme Court erred in its handling of a jury note, the record reflects that the defendant had sufficient notice of the contents of the note, that the parties discussed the court's response to the note, and that the court responded meaningfully to the note (see CPL 310.30; People v O'Rama, 78 NY2d 270, 276-277; People v Jacaruso, 189 AD3d 1263).
"[T]he defendant's challenge to the Supreme Court's refusal to charge criminally negligent homicide as a lesser-included offense of murder in the second degree is foreclosed by the jury's verdict finding him guilty of manslaughter in the first degree, and its implicit rejection of the lesser-included offense of manslaughter in the second degree which had been submitted to it" (People v McGeachy, 74 AD3d 989, 989; see People v McIntosh, 33 NY3d 1064, 1065; People v Boettcher, 69 NY2d 174, 180).
The defendant's sentence was neither illegal (see Penal Law §§ 70.25, 125.20[1]; Vehicle and Traffic Law § 600[2]; People v Taveras, 12 NY3d 21, 27; People v Chambers, 257 [*2]AD2d 418), nor excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
MASTRO, J.P., BRATHWAITE NELSON, IANNACCI and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court